IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL ACTION |
| v. | : |
| | : 14-107-1 |
| KYLE COSTELLO | : |

MEMORANDUM

**Stengel, J.**                                                                                       **August 17, 2015**

Kyle Costello filed two motions to dismiss the indictment alleging violations of the Speedy Trial Act and the Interstate Agreement on Detainers. I heard argument on the motions on April 1, 2015 and August 10, 2015 and denied the motions from the bench.[1] I now memorialize the reasons for my decisions.

**I       Background**

Mr. Costello was paroled from SCI-Rockview on August 25, 2013 after serving a 5.5 to 11 year sentence for kidnapping and aggravated assault. The Government alleges that he then robbed the National Penn Bank in Shillington, Pennsylvania on November 7, 2013. Berks County issued a warrant for Mr. Costello's arrest on November 21, 2014. The Pennsylvania Board of Probation and Parole issued a warrant on December 20, 2013. Mr. Costello was arrested in Texas on December 20.

---

[1] Mr. Costello's also moved to dismiss the indictment for violation of Federal Rule of Criminal Procedure 5(a). This issue was not argued at either hearing. Nonetheless, this contention is easily dismissed because the proper remedy for a Rule 5(a) violation is suppression of evidence, not dismissal. United States v. Colburn, 401 F. App'x 706, 708 (3d Cir. 2010) (citing Dyer, 325 F.3d at 470 n. 2)

1

On January 15, 2015, Mr. Costello arrived at SCI-Huntingdon, and the Berks County warrant was lodged as a detainer against Mr. Costello on January 16. On March 6, a federal grand jury indicted Mr. Costello on bank robbery and firearm charges. Magistrate Judge Angell issued a bench warrant the same day. I issued a writ *ad prosequendum* to SCI-Huntingdon on April 22, 2014, and Mr. Costello appeared before Judge Angell on May 13, 2014. He was arraigned on May 16, 2014. Following four continuances,[2] trial commenced on August 10, 2015. The jury returned a guilty verdict on all charges on August 13, 2015.

## II    Discussion

### a) Speedy Trial Violation

Mr. Costello moved to dismiss the indictment alleging violation of the Speedy Trial Act. "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). "If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within [thirty days of the arrest], such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." § 3162(a)(1). The issue for this motion was to determine the date on which Mr. Costello was arrested on the federal charges.

---

[2] Mr. Costello moved to continue trial by motions dated June 24, 2014, doc. no. 22; October 10, 2014, doc. no. 30; January 21, 2015, doc. no. 38; April 27, 2015, doc. no. 54.

Mr. Costello alleged that the federal arrest occurred on January 16, 2014 when SCI-Huntingdon received the Berks County arrest warrant. For the Speedy Trial Act "to apply, the defendant must be under 'federal arrest' or be in 'federal custody.'" United States v. Woolfolk, 399 F.3d 590, 595 (4th Cir. 2005). An "arrest on state charges does not engage the speedy trial protection for a subsequent federal charge." United States v. Battis, 589 F.3d 673, 679 (3d Cir. 2009) (quoting United States v. Garner, 32 F.3d 1305, 1309 (8th Cir.1994)); *accord* United States v. MacDonald, 456 U.S. 1, 10 n. 11(1982) (stating in dicta, "Of course, an arrest or indictment by one sovereign would not cause the speedy trial guarantees to become engaged as to possible subsequent indictments by another sovereign."). This is true even when the federal charges arise from the same facts which caused the state arrest. United States v. Mills, 964 F.2d 1186, 1189-90 (D.C. Cir. 1992).

When SCI-Huntingdon received the Berks County warrant, Mr. Costello was in custody for his state parole violation. The Berks County warrant acted as a detainer against Mr. Costello for state robbery charges. *See* Moody v. Daggett, 429 U.S. 78, 81 n. 2, (1976) (A detainer is an unexecuted warrant placed on an individual while in custody in another jurisdiction). There is no evidence on these facts of a federal arrest.

Mr. Costello argued that the "ruse" exception to the federal arrest requirement applies. Pursuant to the "ruse" exception, a state arrest will start the Speedy Trial clock "when the Government has knowledge that an individual is held by state authorities solely to answer to federal charges." United States v. Woolfolk, 399 F.3d 590, 596 (4th Cir. 2005); s*ee also* United States v. Clark, 754 F.3d 401, 405-06 (7th Cir. 2014) (ruse

3

exception possible if defendant has evidence of agency between federal and state authorities); United States v. Benitez, 34 F.3d 1489, 1494 (9th Cir. 1994) ("…Speedy Trial Act time periods may be triggered by state detentions that are merely a ruse to detain the defendant solely for the purpose of bypassing the requirements of the Act."); *but see* United States v. Mills, 964 F.2d 1186, 1192 (D.C. Cir. 1992) ("If a defendant showed that the U.S. Attorney deliberately arrested him on D.C. charges and secured a Superior Court indictment in order to gain time to gather additional evidence for a federal prosecution, he might have a valid due process claim for pre-indictment delay."). Many Courts of Appeals have recognized the "ruse" exception in the context of an INS civil detention[3] where there is "collusion or evidence that the detention was for the sole or primary purpose of preparing for criminal prosecution." United States v. Garcia-Martinez, 254 F.3d 16, 20 (1st Cir. 2001); *see also* United States v. Guevara-Umana, 538 F.3d 139, 142 (2d Cir. 2008); United States v. Pasillas-Castanon, 525 F.3d 994, 997 (10th Cir. 2008); United States v. Drummond, 240 F.3d 1333, 1336 (11th Cir. 2001); United States v. De La Pena-Juarez, 214 F.3d 594, 598 (5th Cir. 2000). The Third Circuit has not adopted the "ruse" exception in either circumstance. United States v. Crews, 494 F. App'x 240, 243 (3d Cir. 2012) (citing United States v. Dyer, 325 F.3d 464, 468 (3d Cir.2003) (declining to adopt the "ruse" exception because the defendant did not produce evidence of collusion). "The ruse exception is not easily triggered." Pasillas-Castanon, 525 F.3d at 998.

---

[3] An INS civil detention occurs when the "INS holds an illegal reentrant while it investigates and decides whether the reentrant should be prosecuted or deported without prosecution." United States v. Dyer, 325 F.3d 464, 468 (3d Cir. 2003)

Mr. Costello contends that collusion is evidenced by the fact that Berks County took no action against him. "[Mr. Costello] was never arraigned on the charges, given bail or given a preliminary hearing." Mot. to Dismiss at 4. Mr. Costello believes that, upon this showing, the burden shifts to the government to rebut his assertion. Id. at 4 n. 2. However, the Courts of Appeals have consistently placed the burden on the defendant to demonstrate that the sole purpose of his state detention was to hold him for future federal prosecution. Clark, 754 F.3d 401, 405-06 (finding defendant did not adduce proof of agency); Pasillas-Castanon, 525 F.3d at 998; Drummond, 240 F.3d at 1336; De La Pena-Juarez, 214 F.3d at 598; United States v. Ramirez, 55 F.3d 633, 3 (5th Cir. 1995) (non-precedential) ("Ramirez has proffered no evidence to suggest that the state's failure to indict Ramirez was the result of a desire to subvert the time limits of the Speedy Trial Act.").

To meet his burden, Mr. Costello was required to show more than mere cooperation or close contact between the federal government and the state. *See* Crews, 494 F. App'x at 243 n.8; Ramirez, 55 F.3d at 3. He did not do so. At the hearing, the government elicited testimony from Berks County Chief Deputy District Attorney Jonathan Kurland. Mr. Kurland knew of the robbery in early November 2013 and that Mr. Costello was the suspect. He was also aware that the federal government had some interest in adopting the case. Mr. Kurland first learned Mr. Costello had been apprehended and was in custody at SCI-Huntingdon on February 24, 2014, and he decided to move forward with state charges. He did so because, in his experience, there was no guarantee that the

5

United States would pursue an indictment. When the federal grand jury returned an indictment, Berks County withdrew its charges.

This is not evidence of collusion. The Berks County District Attorney could not possibly have been holding Mr. Costello for the purpose of securing a federal indictment when the office was unaware that Mr. Costello was in custody. When Mr. Kurland learned that Mr. Costello had been apprehended, he did all that he could, independent of the United States Attorney, to prosecute Mr. Costello on state robbery charges. If anything, the testimony showed confusion and lack of communication between the state and federal government – the antithesis of collusion. Defense counsel admitted that he could not argue collusion based on this testimony, and I denied the motion to dismiss.[4]

### b) Interstate Agreement on Detainers

Mr. Costello also moved to dismiss the indictment because the government's handling of his case violated the Interstate Agreement on Detainers. The IAD is a compact between the federal government, Pennsylvania and 47 other states "creat[ing] uniform procedures for resolving one State's pending charges against an individual imprisoned by another State." United States v. Hornick, 491 F. App'x 277, 281 (3d Cir. 2012) (citing Alabama v. Bozeman, 533 U.S. 146, 148 (2001)). Article IV of the IAD provides:

> The appropriate officer of the jurisdiction in which an untried indictment, … is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party

---

[4] In the alternative, Mr. Costello could not show that he was being held solely to answer for federal charges, because it is undisputed that he was detained at SCI-Huntingdon pending a hearing on his state parole violation. United States v. Hatchett, 987 F. Supp. 2d 529, 36 (E.D. Pa. 2013); see United States v. Hicks, No. 06-CR-684-01, 2013 WL 3090284, at *4 (E.D. Pa. June 20, 2013).

6

> State made available [for prosecution] upon presentation of a written request for temporary custody or availability to the appropriate authorities of the State in which the prisoner is incarcerated.

Art. IV (a) (codified at 18 U.S.C. App. 2 § 2). Pursuant to Article IV, the U.S. Attorney lodged a detainer against Mr. Costello in the form of the bench warrant issued by Judge Angell on March 6, 2014. Mr. Costello was then transferred from Pennsylvania into federal custody on the writ *ad prosequendum*. Mr. Costello arrived in Federal Custody on May 13, 2014. *See* Bail Status and Order, doc. no. 14 (indicating date of arrest of May 13, 2014).

Article IV mandates that "trial shall be commenced within one hundred and twenty days of the arrival of the prisoner in [federal custody]." Art. IV (c). If the case is not tried within this timeframe, the indictment must be dismissed and the prisoner returned to the custody of the original jurisdiction. Art. V (c); (e). However, "for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." Art. IV (c). Trial in this matter was originally set of July 7, 2014 well within the 120 day time frame which expired on September 10, 2014.[5] However, Mr. Costello moved for four continuances which delayed trial until August 10, 2015. On the eve of trial, Mr. Costello contended that those continuances were invalid because the continuances were not requested in open court with his consent.

Mr. Costello may not move for dismissal based on a trial delay caused by his own continuances. The "necessary or reasonable continuance" provision is a limitation on the

---

[5] Calculated from May 13, 2014

prosecutor's power alone. *See* New York v. Hill, 528 U.S. 110, 116 (2000) ("[T]he specification in that provision that the "prisoner or his counsel" must be present suggests that it is directed primarily, if not indeed exclusively, to prosecution requests that have not explicitly been agreed to by the defense."). The IAD does not restrict the defendant's ability to request continuances himself. Mr. Costello's logic "would enable defendants to escape justice by willingly accepting treatment inconsistent with the IAD's time limits, and then recanting later on." Id. at 118.

Even assuming that the defendant could challenge his own continuances, the continuances requested here validly tolled the IAD speedy trial clock. Defense counsel could waive the 120 day time limit without consulting Mr. Costello. Id. at 115. Similarly, defense counsel could waive the open court requirement. Schoenlein v. Thomas, 12-CV-00046, 2014 WL 2112690, at *6 (D. Haw. May 20, 2014). Furthermore, my finding that the continuances served the "ends of justice"[6] satisfies the IAD's good cause requirement. United States v. McKay, 431 F.3d 1085, 1092 (8th Cir. 2005). There was no basis to grant defendant's motion to dismiss.

### III.   Conclusion

For the foregoing reasons, Mr. Costello's motions to dismiss are denied.

An appropriate order follows.

---

[6] I found the continuance served the ends of justice because defense counsel needed additional time to review discovery, to consider the government's plea agreement offer and to file pre-trial motions.