IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CRIMINAL ACTION** |
| **v.** : | |
| : | |
| **KYLE COSTELLO,** : | |
| : | **NO. 14-107** |
| **Defendant.** : | |

**MEMORANDUM**

**Stengel, J.**                                                                                    **February     , 2016**

On August 13, 2015, Kyle Costello was convicted by a jury of the following charges:  (1) conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371; (2) armed bank robbery in violation of 18 U.S.C. § 2113(a); (3) using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and (4) aiding and abetting these offenses in violation of 18 U.S.C. § 2.  Costello now brings post-trial motions for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) ("Rule 29"), or in the alternative, for a new trial pursuant to Federal Rule of Criminal Procedure 33 ("Rule 33").  He challenges his convictions for conspiracy to commit armed bank robbery, armed bank robbery and using or carrying a firearm during and in relation to a crime of violence.  For the reasons discussed below, I will deny the Rule 29 motion and the Rule 33 motion.

1

I.       BACKGROUND

On November 7, 2013, at approximately 1:57 p.m., the National Penn Bank located at 2246 Lancaster Pike in Shillington, PA, was robbed at gunpoint by a Hispanic male and a black male.  The two men stole $4,314 from the bank.  Three bank tellers who were working at the time of the robbery, Ms. Wendy Fuoti, Mr. Derek Evans, and Ms. Crystal Ann Styer, testified at trial regarding the events of that afternoon.  According to the tellers, the two men approached from the same direction and peered in the bank windows.  The two men then entered into the bank together through the front door.  After entering, the Hispanic male approached Mr. Evans in order to inquire about opening an account.  While the Hispanic male was in the process of speaking with Mr. Evans, the black male approached Ms. Styer.  The black male pulled a gun from his waistband, approached Ms. Styer and demanded money as he pointed the gun at her.  Ms. Styer complied with his demand and handed over the money from her cash drawer.  While Ms. Styer was in the process of handing over the money, the Hispanic male left the building.  Shortly after the Hispanic male went out the door, the black male also left.  Ms. Styer then observed the black male get into the passenger side of a red car that pulled out of the parking lot.

The Hispanic male was later identified as Matthew Hill and the black male as Kyle Costello.  Mr. Costello was arrested in Harlingen, Texas on December 20, 2013.  The Government charged Mr. Costello with: (1) conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371; (2) armed bank robbery in violation of 18 U.S.C. § 2113(a);

(3) using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and (4) aiding and abetting these offenses in violation of 18 U.S.C. § 2. On August 13, 2015, after a four day jury trial, Mr. Costello was found guilty on all charges.

## II.   DISCUSSION

### A.   Rule 29 Motion

In reviewing a motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29, the Court must "review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." United States v. Wolfe, 245 F.3d 257, 261 (3d Cir. 2001)(citation omitted). "Courts must be ever vigilant in the context of Fed. R. Crim. P. 29 not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury." United States v. Brodie, 403 F.3d 123, 133 (3d Cir. 2005)(citing United States v. Jannotti, 673 F.2d 578, 581 (3d Cir. 1982)). All reasonable inferences must be drawn in favor of the jury's verdict. United States v. Anderskow, 88 F.3d 245, 251 (3d Cir. 1996). "[A] finding of insufficiency should 'be confined to cases where the prosecution's failure is clear.'" United States v. Smith, 294 F.3d 473, 477 (3d Cir. 2002)(quoting United States v. Leon, 739 F.2d 885, 891 (3d Cir. 1984)).

The Defendant challenges his convictions for conspiracy to commit armed bank robbery, armed bank robbery and using or carrying a firearm during and in relation to a

crime of violence.  The Defendant argues that the Government failed to present sufficient evidence at trial demonstrating the required elements for conspiracy, armed bank robbery and using or carrying a firearm during and in relation to a crime of violence.  I disagree.  For the reasons discussed below, I believe that the Government presented sufficient evidence at trial such that a rational jury could have found proof of guilt beyond a reasonable doubt.

First, the Defendant contends that the Government failed to present sufficient evidence demonstrating that the Defendant was working in conjunction with Mr. Hill and consequently, the conspiracy conviction cannot be sustained.  A § 371 conspiracy conviction requires that the Government prove "that the alleged conspirators shared a 'unity of purpose,' the intent to achieve a common goal, and an agreement to work together toward the goal."  United States v. Reyeros, 537 F.3d 270, 277 (3d Cir. 2008)(citation omitted).  Here, the Defendant argues that the Government's evidence taken as a whole does not show that "Mr. Costello knew of the robbery or participated in its planning and execution."  Def.'s Rule 29 Br. 3.

At trial, the Government introduced evidence from the bank tellers who observed the actions of Mr. Costello and Mr. Hill immediately before and during the bank robbery.  When asked about Mr. Costello and Mr. Hill's actions prior to the robbery, Ms. Styer, the bank teller, testified that she saw both men approaching the bank from the same direction, acting suspiciously, looking into the bank and entering the bank together.  Trial Tr., 8/11/15, at 33: 4-14.  At the time, Ms. Styer thought their approach was suspicious since

4

it was not normal for customers, particularly those who wanted to open an account, to park in the area the two men came from.  Id. at 32: 20-25.  After the two men entered the bank, Ms. Styer testified that Mr. Hill claimed to want to open a bank account as pretense while Mr. Costello told her to hand over the money.  Id. at 47: 21-24.  Ms. Styer stated, "Well the man in the- - who's closest is the defendant and he's telling me to give him the money.  And the other guy leaning on his elbows is the person he came with pretending that he wanted to open an account."  Id.  When testifying about Mr. Hill and Mr. Costello's actions, Ms. Wendy Fuoti, another bank teller present during the robbery, stated:

> Q    When they walked in the door, can you explain to the jury what you saw them do?
> A    The white male proceeded to go over to [another bank teller] to suggest opening accounts.
> Q    Could you hear the white male actually ask, or suggest - -
> A    Yes.  He was kind of loud.  A little obnoxious.  It kind of would be my guess the decoy.

Id. at 106:10-12.  The Government presented ample evidence at trial from which a rational jury could have found that Mr. Hill and Mr. Costello "shared a 'unity of purpose,' the intent to achieve a common goal, and an agreement to work toward that goal."

    Second, the Defendant challenges the Government's sufficiency of evidence on the armed bank robbery charge, arguing that the testimony of a bank employee along with an outdated certificate of insurance is insufficient to prove that the bank was

federally insured. For a charge of armed bank robbery, the Government is required to prove that the victim bank was insured by the Federal Deposit Insurance Corporation ("FDIC"). United States v. Harper, 314 F.App'x 478, 482 (3d Cir. 2008). Generally, courts have found that the testimony of a bank employee that on the date of the bank robbery the bank was insured by the FDIC in corroboration with the certificate of insurance is sufficient to demonstrate that the victim bank was insured by the FDIC. See United States v. Harris, 165 F.3d 1062, 1066 (6th Cir. 1999)(testimony of bank's fraud investigator who also displayed a certificate of insurance was sufficient to prove the existence of federal insurance); United States v. Hicks, 217 F.3d 1038, 1045 (9th Cir. 2000)(testimony of bank employee that the bank was federally insured on the date false statements were made to it and corroboration by certificates of insurance were sufficient to prove the bank was federally insured); United States v. Humbert, 336 F.App'x 132, 135 (3d Cir. 2009)(providing that undisputed testimony from a bank employee that the victim bank was FDIC insured was sufficient to show that the bank was FDIC insured). At trial, the Government offered Ms. Jacqueline Langton, Regional Fraud and Security Investigator at National Penn Bank, as a witness. Ms. Langton verified the Government's exhibit as National Penn Bank's FDIC certificate and testified that the FDIC certificate was in effect on the date of the robbery. The presentation of the FDIC certificate in conjunction with Ms. Langton's testimony that the FDIC certificate was valid on November 7, 2013, is sufficient evidence that the FDIC insured National Penn Bank at the time of the robbery such that a rational jury could find that the Government met its burden in proving the Defendant guilty beyond reasonable doubt of armed bank robbery.

Finally, the Defendant challenges his conviction for using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) by arguing that the Government failed to provide sufficient proof that the weapon possessed by him was a "weapon which will expel, or is designed to or may readily be converted to expel, a projectile by the action of an explosion.  The term includes the frame or receiver of any such weapon."  Third Circuit Model Criminal Jury Instruction, No. 6.18.922A-2 (2015).  The Defendant argues that the failure to recover a gun during the investigation of the bank robbery in addition to the lack of testimony proving that the firearm was functioning during the robbery is insufficient to uphold a firearms conviction.  However, I find that the testimony of Ms. Fuoti and Mr. Evans, the two bank tellers, concerning the firearm that the Defendant used during the robbery is sufficient.  See United States v. Beverly, 99 F.3d 570 (3d Cir. 1996)(finding the testimony of a U.S. Postal Service letter carrier that the defendant threatened him with a chrome-plated revolver during the course of a robbery was sufficient to uphold a conviction under 18 U.S.C. § 924(c)); Parker v. United States, 801 F.2d 1382, 1383-85 (D.C. Cir. 1986)(holding the non-expert testimony of a witness that a robber used a gun was enough to justify a conviction under § 924(c)); United States v. Kirvan, 997 F.2d 963, 966-67 (1st Cir. 1993)(sustaining a conviction under § 924(c) because eyewitness testimony describing the gun was sufficient for the jury to conclude the object was a real gun).  At trial, the Government introduced testimony from Ms. Fuoti and Mr. Evans who both stated that they had a clear view of the bank robbery.   Trial Tr., 8/11/15, at 108:20-23; Id. at 133:8-10.  Ms. Fuoti testified that she was familiar with guns, particularly semi-automatic guns, as she not only had a

7

license to carry but also owned a semi-automatic gun. Id. at 111:11-25. When asked to describe the gun that the Defendant had used during the bank robbery, Ms. Fuoti testified that it was a black and silver semi-automatic. Id. at 111:3-5. Mr. Evans testified to the same effect. Mr. Evans testimony regarding the firearm was as follows:

> Q   Can you describe the gun that you saw the defendant holding that day?
> A   Yes. It was a 9 millimeter semi-automatic.
> Q   Do you remember what color it was?
> A   Black and silver.
> Q   You described it as a 9 millimeter semi-automatic, are you familiar with guns?
> A   Yes.
> Q   Have you held guns before?
> A   Yes.
> Q   Semi-automatics?
> A   Yes.
> Q   Do you also have a license to carry?
> A   Yes.
> Q   Have you shot guns like the semi-automatic before?
> A   Yes, I own a 9 millimeter Smith and Wesson.
> Q   And based on that knowledge, that afternoon you saw a 9 millimeter in the defendant's hand?
> A   Yes.

Id. at 133:11-25; Id. at 134:1-4. Ms. Fuoti and Mr. Evan's testimony was sufficient for a rational jury to find that the Government met their burden of proof of demonstrating that the Defendant was guilty beyond a reasonable doubt of using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).

8

In sum, I find that the evidence presented by the Government at trial was sufficient for a rational jury to conclude that the Defendant was guilty beyond a reasonable doubt of conspiracy to commit armed bank robbery, armed bank robbery and using or carrying a firearm during and in relation to a crime of violence.  Therefore, I deny the Defendant's Rule 29 motion.

### B. Rule 33 Motion

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33.  In reviewing a Rule 33 motion, unlike a Rule 29 motion, a court "does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." United States v. Johnson, 302 F.3d 139, 150 (3d Cir. 2002).  The court can order a new trial pursuant to Rule 33 "on the ground that the jury's verdict is contrary to the weight of the evidence" only where "there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." Id. (citing United States v. Santos, 20 F.3d 280, 285 (7th Cir. 1994)).  Vacating a judgment and permitting a new trial under Rule 33 should be granted "sparingly and only in exceptional cases." United States v. Brennan, 326 F.3d 176, 189 (3d Cir. 2003)(quoting Gov't. of Virgin Is. v. Derricks, 820 F.2d 50, 55 (3d Cir. 1987)).

As an alternative to a judgment of acquittal, the Defendant argues he should be granted a new trial pursuant to Rule 33.  The Defendant challenges his conviction for conspiracy to commit armed bank robbery, armed bank robbery and using or carrying a

9

firearm during and in relation to a crime of violence on the same grounds as those in his Rule 29 motion.  The Defendant argues that: (1) the Government failed to present sufficient evidence that the Defendant knew of the robbery or participated in its planning and execution; (2) that the testimony of a bank employee in conjunction with a certificate of insurance was insufficient to support a charge of armed bank robbery; and (3) that the Government failed to show that the gun used in the robbery was a working firearm. Unlike Rule 29, Rule 33 directs me not to view the evidence favorably to the Government, but rather, to exercise my own judgment in assessing the evidence.  Even exercising my own judgment in assessing the evidence, I find that the testimony by Ms. Styer, Ms. Fuoti, and Mr. Evans as set forth above was sufficient to support a conviction on the § 371 conspiracy charge and the § 924(c) firearms charge.  Moreover, legal authority supports a finding that testimony from a bank employee corroborated by the certificate of insurance.  See United States v. Harris, 165 F.3d 1062, 1066 (6th Cir. 1999)(testimony of bank's fraud investigator who also displayed a certificate of insurance was sufficient to prove the existence of federal insurance); United States v. Hicks, 217 F.3d 1038, 1045 (9th Cir. 2000)(testimony of bank employee that the bank was federally insured on the date false statements were made to it and corroboration by certificates of insurance were sufficient to prove the bank was federally insured); United States v. Humbert, 336 F.App'x 132, 135 (3d Cir. 2009)(providing that undisputed testimony from a bank employee that the victim bank was FDIC insured was sufficient to show that the bank was FDIC insured).  Therefore, I also decline to vacate the § 2113(a) conviction for armed bank robbery.

The only new ground for granting the Rule 33 motion that the Defendant presents is based upon the verdict sheet that was submitted to the jury during trial. The Defendant argues that a new trial is warranted because the Court submitted a verdict sheet to the jury that incorrectly stated that Count Three was "Using or Carrying a Firearm in Furtherance of a Crime of Violence." The verdict sheet should have stated that Count Three was "Using or Carrying a Firearm During and In Relation to a Crime of Violence." According to the Defendant, this mistake in the verdict sheet means that, "the jury found him guilty of a charge for which he was technically not indicted." Def.'s Rule 33 Br. 5. However, as the Defendant himself points out, the Court fixed this clerical error by disregarding the mistaken verdict sheet and allowing the jury to fill out a second, corrected verdict sheet. Given that this was a clerical error which was easily fixed by a corrected verdict sheet, I find no reason why Rule 33's exceptional remedy is warranted. There was no miscarriage of justice caused by the mistitled verdict sheet in this case and therefore, I will deny the Defendant's Rule 33 motion for a new trial.

### III.   CONCLUSION

For the reasons stated above, I find that the Defendant is not entitled to a judgment of acquittal under Rule 29 or a new trial under Rule 33. Accordingly, I deny the Defendant's post-trial motions for acquittal and a new trial.

An appropriate Order follows.