# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-107-1** |
| **KYLE COSTELLO** | : | |

<u>ORDER</u>

AND NOW, this        day of           , 2019, upon consideration of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and the government's response thereto, it is hereby ORDERED that the petitioner's motion is DENIED without a hearing. This Court finds that the petitioner has failed to make a substantial showing of a denial of any constitutional right and accordingly that a Certificate of Appealability will not issue.

BY THE COURT:

_____
HON. JOSEPH F. LEESON
UNITED STATES DISTRICT COURT JUDGE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 14-107-01 |
| KYLE COSTELLO | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**PETITION UNDER 28 U.S.C. § 2255**

The United States of America, by its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Roberta Benjamin, Assistant United States Attorney for the District, responds to defendant's petition under 28 U.S.C. § 2255 as follows:

**I.     BACKGROUND**

On March 6, 2014, a grand jury in the Eastern District of Pennsylvania returned a four-count indictment, charging defendant Kyle Costello and his co-defendant Matthew Hill with conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (Count One); armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Count Two); carrying, using, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three); and aiding and abetting these offenses, in violation of 18 U.S.C. § 2. Co-defendant Matthew Hill was also charged with an attempted bank robbery (Count Four), which he committed in York, Pennsylvania, on December 4, 2013.

On August 10, 2015, trial on these charges commenced. At the conclusion of a four day jury trial, on August 13, 2015, Costello was found guilty of all charges. Sentencing hearings were held on October 19 and 27, 2016. The district court sentenced Costello to a total term of imprisonment of 204 months and five years of supervised release, and ordered him to pay

restitution in the amount of $4,314 and a special assessment of $300. DDE# 145. Costello filed a timely notice of appeal. On February 6, 2018, the Third Circuit Court of Appeals affirmed the Judgment of the District Court. DDE# 156.

The defendant appealed his conviction and sentence to the Third Circuit Court of Appeals. On February 6, 2018, the Third Circuit issued an opinion affirming the defendant's conviction and sentence. Between July 2, 2018 and September 14, 2018, the defendant filed *pro se* motions alleging a Brady violation and/or newly discovered evidence and this court denied the defendant's motions while advising the defendant that he had one year from the date of the September 14. 2018 order to file a § 2255 motion. DDE#162. The defendant filed this petition for relief, pursuant to 28 U.S.C. § 2255 ("2255 petition"), on April 18, 2019. DDE# 177.

## II. LEGAL STANDARDS

In his petition, most of Costello's claims for relief suggest that his counsel was ineffective and/or that the Court erred in ruling against him on various issues. Petitioner has failed to make the requisite showing required to support an ineffective assistance of counsel argument, that is, first, that his counsel's "performance was inadequate," and, secondly, that the alleged inadequacy "prejudiced the defense." In addition to this, his failure to raise all but two of his claims on direct appeal has barred him from doing so here, as he has failed to demonstrate "cause and prejudice," or that he is "actually innocent." The two claims that he did raise on direct appeal were denied. He has failed to demonstrate that his counsel was ineffective with respect to them. Consequently Costello's request for relief should be denied.

### A. Standard for Ineffective Assistance of Counsel

The well-established standard for evaluating claims of ineffective assistance of counsel comes from <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), where the Supreme Court stated that "[t]he

2

benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 685. In keeping with its focus on the adversarial process, the Supreme Court in Strickland held that a claim of ineffective assistance of counsel has two components -- inadequate performance of counsel, and prejudice resulting from that inadequate performance. The first part of the test requires the defendant to show that trial counsel's performance was constitutionally deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Id. at 687. The governing performance standards depend in large part on the standards set by the legal profession: "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 688.

  In applying the "professional norms" standard, however, "[j]udicial scrutiny of counsel's performance must be highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. Accordingly, the Court in Strickland held, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id.

  Even if he could satisfy the first part of the Strickland test, by showing that his attorney failed to satisfy professional standards, a defendant is not entitled to relief unless he can also satisfy the second part of the test, by showing that counsel's unprofessional errors actually prejudiced the defense. 466 U.S. at 687. The defendant has the burden of establishing prejudice, and it is not enough for the defendant to show that the errors had some conceivable effect on the

outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the proceeding. Id. at 693. Instead, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994). The Court in Strickland explained that "[a] reasonable probability is a probability sufficient to undermine the confidence in the outcome." 466 U.S. at 694.

Thus, the gravamen of the Strickland inquiry remains "whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." Id. at 696; see Lockhart v. Fretwell, 506 U.S. 364, 368-69 (1993) (the proven errors must be so serious that the defendant was deprived of "a trial whose result is reliable."). The defendant must show an error which "constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Brecht v. Abrahamson, 507 U.S. 619, 634 n.8 (1993), quoting United States v. Timmreck, 441 U.S. 780, 783 (1979). In his petition, Costello has failed to demonstrate, first, that his counsel failed to satisfy professional standards and, secondly, that counsel's unprofessional errors actually prejudiced the defense. Consequently, his petition is without merit and should be denied.

**B.    Standard for Claims on Direct Appeal**

A claim may not be raised under Section 2255 if there was a full opportunity for the petitioner to be heard during the trial phase and on direct appeal. In other words, the "general rule" of procedural default is "that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538

4

U.S. 500, 504 (2003); *see also Withrow v. Williams*, 507 U.S. 680, 721 (1993) (Scalia, J., concurring) ("[I]f the claim was not raised [on direct appeal], it is procedurally defaulted and the habeas court will not adjudicate it absent countervailing equitable considerations . . . .").

The Third Circuit and every other appellate court has applied the procedural default rule. *See, e.g.*, *United States v. Jenkins*, 333 F.3d 151, 155 (3d Cir. 2003). Moreover, allowing a Section 2255 motion to serve as a substitute for direct appeal violates the rationale behind the final judgment rule:

> Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum. Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment commands respect.
>
> For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal.

*United States v. Frady*, 456 U.S. 152, 164-65 (1982). Not only may a Section 2255 motion "not do service for an appeal," but the Supreme Court has recognized "the well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *Id.* at 165-66.

There are two exceptions to the procedural default bar regarding issues not raised on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).

"[C]ause for a procedural default on appeal ordinarily requires a showing of some

external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Nowhere in his memorandum does petitioner show "some external impediment preventing" his appellate counsel from raising the claims contained in the different grounds noted in his 2255 petition, on direct appeal. *Id.* In addition to this, petitioner has failed to demonstrate "cause," "actual prejudice," or that he is "actually innocent." Consequently, his petition is without merit and should be denied.

### III. PETITIONER'S SECTION 2255 GROUNDS

GROUND ONE:

Petitioner alleges that his counsel was ineffective in not raising the first claim in his petition. This ground is multi-faceted and includes the following: Costello argues that there was (a) a Brady violation of newly discovered evidence which included impermissible trial testimony of a parole officer as to the identification of Costello; (b) the alleged illegal tracking of a cell phone to locate Costello; (c) the alleged illegal search and seizure of an exculpatory antique firearm which was shown to the jury; (d) the alleged unduly suggestive identification of the defendant by two prosecution witnesses which amounted to prosecutorial misconduct; and (e) the alleged perjured testimony of a Texas police officer who received tips about where the defendant was located. Costello suggests that his counsel was ineffective because the aforementioned issues were not raised in his direct appeal and that the reason they were not raised was because they were unknown to his counsel.[1]

A review of the record below establishes that petitioner's assertions are without merit. If the evidence petitioner complains of was presented at trial, albeit according to him impermissibly, then it was known to his counsel. In fact, not only was Costello's counsel aware

---
[1] See DDE#177, pgs. 6, 13.

of the claims raised by the defendant, but also, his attorney raised objections to a number of them. For example, parole officer Brian Hoffman testified at trial and identified the defendant as the person he believed was pictured on the "WFMZ"[2] website as suspected of committing a bank robbery. Not only did Costello's counsel have an opportunity to cross examine this witness as to that identification, but also, it was made clear that he was not testifying as an expert, but rather based on his interactions with the defendant.[3] This evidence was clearly relevant and admissible, but more important, it could not be considered "newly discovered evidence" of which Costello's counsel was unaware. With respect to the tracking of a cell phone to locate the defendant, his counsel did object at trial and the court ruled against him.[4] Petitioner's contention that there was an illegal search and seizure of an antique firearm which he claims was exculpatory and shown to the jury presents no clear issue. If it was exculpatory and shown to the jury, then it was known to his counsel and he suffered no prejudice. As to identification evidence, the defense did file pretrial motions challenging the identification of the defendant by prosecution witnesses. The court ruled that the identifications were legally obtained and wrote an opinion to that effect.[5] Finally, there was trial testimony of Texas police officer Nicholas Torell who arrested the defendant in Harlingen, Texas, on December 20, 2013. Upon arrest, Costello falsely identified himself as Vito Torres and, when confronted with a photograph of himself stated to Officer Torell, "Man, you know who I am."[6] Since all of these issues were raised below by defense counsel, they would not constitute newly discovered evidence, nor information not

---

[2] "WFMZ" is a local news station in Pennsylvania, according to the witness. See DDE#98, pg. 148.
[3] See DDE#98, pgs. 144-161.
[4] See DDE#97, pgs. 14-16.
[5] See DDE#61.
[6] See DDE#98, pgs. 127-139.

known to Costello's counsel.

In summary, Costello fails to present any newly discovered evidence in support of his allegation of ineffectiveness. In light of this fact, all of the issues raised in this first ground could have been raised on direct appeal had his appellate counsel believed them to be meritorious. Having not done so, Costello is precluded from raising them in a 2255 petition without demonstrating "cause," "prejudice," or that he is "actually innocent," as required to counter the procedural default bar discussed above. Since Costello has not demonstrated any of these, ground one of his petition has no merit and should be denied.

GROUNDS TWO AND THREE:

Petitioner argues that the Court erred in permitting lay opinion testimony from parole agent Hoffman, concerning a tattoo that was on the defendant's hand in a photograph of Costello. Costello also suggests that his attorney was denied the right to question this witness at trial. Petitioner also argues, in ground three of his motion, that Hoffman's identification of Costello was "unduly suggestive." As a catch-all, petitioner alleges that his counsel was ineffective because of these alleged circumstances at trial.[7] Petitioner is inaccurate in his recitation of the law and in his recollection of the record at trial. First, lay opinion testimony of identification is permissible and relevant at trial.[8] The jurors could have discounted it if they did not believe the parole agent or give it whatever weight it deemed appropriate. Also, Costello's attorney had ample opportunity to cross examine the witness about his identification and the tattoo specifically.[9] As with ground one, these issues could have been raised on direct appeal had his counsel deemed them meritorious. Having not done so, Costello is precluded from raising

---

[7] See DDE#177, pgs. 7-9.
[8] *See United States v. Barber*, 442 F.2d 517, 526-28 (3d. Cir. 1971).
[9] See DDE#98, pgs. 155-159.

them in a 2255 petition without the requisite showing of "cause," "prejudice," or "actual innocence," discussed above. Grounds Two and Three of Costello's petition are without merit, are procedurally barred, and should be denied.

GROUND FOUR:

In this claim, petitioner contends that the court erred in permitting the lay testimony of parole officer Michael Wertz, concerning his identification of Costello in a video.[10] Before Mr. Wertz testified, a hearing outside the presence of the jury was conducted in which petitioner's counsel objected to the testimony of that witness.[11] After arguments of counsel and the opportunity for the defendant's attorney to speak to the witness before he testified, Wertz was permitted to testify. As the court made clear in its ruling, it was entirely appropriate for the government to introduce evidence rebutting the suggestion by the defense that someone else named "Eric Coates" was the robber of the bank with which Costello was charged.[12] As with other lay identifications, the jurors could decide that they did or did not believe the witness in his recognition that the photographs were not of Coates. Again, if this issue had any merit, it could have been raised on direct appeal. The fact that it was not, precludes Costello from raising it in a 2255 petition absent the requisite showing discussed above. Having not demonstrated "cause," "prejudice," or "actual innocence," this ground in his petition should be denied.

GROUNDS FIVE AND SEVEN:

Included in a list of claims in his 2255 petition, Costello raises two issues which were raised on direct appeal: (a) Violation of Interstate Agreement on Detainers/Speedy Trial Act

---

[10] See DDE#177, pg. 8.
[11] See DDE#99, pgs. 3-11.
[12] See DDE#99, pgs. 6-8.

9

Violation;[13] and (2) Prior Convictions not qualifying as crimes of violence.[14] Both of these issues were raised on direct appeal. The Third Circuit Court of Appeals affirmed the district court's rulings that Costello's speedy trial rights were not violated[15] and that his prior conviction for aggravated assault was a crime of violence.[16] The fact that petitioner is not in agreement with the Court's decision does not make his counsel ineffective or demonstrate "cause," "prejudice," or "actual innocence." Therefore, Costello is precluded from raising these same issues in a 2255 petition.[17] Since petitioner is procedurally barred from raising these issues and he has failed to make the requisite showing, his petition on these grounds should be denied.

GROUND SIX:

Petitioner argues that his counsel was ineffective in failing to raise an insanity defense and then, inaccurately states that schizophrenia or PTSD would have been a defense to armed bank robbery.[18] Although Costello's counsel did not specifically raise an insanity defense at trial, his new sentencing counsel did file a sentencing memorandum with a psychological report by a Dr. Catherine M. Barber, PhD, in which petitioner's psychological and mental health issues were discussed. In particular, Costello's PTSD diagnosis was explored.[19] The psychological report in

---

[12] See DDE#177, pg. 14.
[14] See DDE#177, pgs. 16-17.
[15] See Third Circuit Case No. 16-4092, DDE# 003112824719, pg. 7.
[16] See Third Circuit Case No. 16-4092, DDE# 003112824719, pgs. 8-9.
[17] It should be noted that in addition to raising these issues on appeal, Costello's trial and /or sentencing attorneys filed a pretrial motion to dismiss the indictment for a speedy trial act violation which was denied (DDE#32 and #50), a sentencing memorandum, and a supplemental sentencing memorandum challenging the designation of petitioner's prior conviction for aggravated assault as a crime of violence. (DDE# 134) Also, at the defendant's sentencing hearing, which took place over the course of two days, his counsel repeatedly challenged the designation of Costello's prior convictions as crimes of violence. (DDE#153, pgs 8-10,12-16,22-25, and 37; and DDE#154, pgs. 3-4).
[18] See DDE#177, pg. 15.
[19] See DDE#154, pgs. 18-24.

10

no way concluded that Costello was insane or schizophrenic and, therefore, these defenses were not available at trial. However, a diagnosis of PTSD and/or Antisocial Personality Disorder, with which Costello was diagnosed, was offered by his counsel in mitigation of his sentence. In fact, defendant's attorney moved for a downward departure arguing that (1) the career offender status over-represented the seriousness of Costello's criminal conduct;[20] and (2) that a downward departure or variance was appropriate based on diminished capacity.[21] The sentencing Judge agreed that a variance was appropriate based on the defendant's mental health issues and reduced Costello's sentence from a potential 47 years to 17 years.[22] In light of the foregoing, this record reveals that petitioner's contention that his counsel was ineffective with respect to these mental health issues is without merit. His petition for relief on this ground should be denied.

GROUND EIGHT:

Petitioner argues that his sentencing guideline level was increased by two levels because of an outstanding parole warrant.[23] This is not an accurate statement of the record below. As the defendant's presentence report states in paragraph 58, "The defendant committed the instant offense while under a criminal justice sentence for kidnapping and aggravated assault imposed in the Lancaster County Court of Common Pleas. Docket No. CP-36-CR-3328-2006; therefore, two points are added. USSG § 4A1.1(d)."[24] Regardless, any inaccuracy should have been raised on direct appeal had it been meritorious. Since Costello was determined to be a career offender, his criminal history category was automatically increased to the a level VI. Therefore, any enhancement for being on parole at the time of the instant offense was irrelevant and of no

---

[20] See DDE#154, pg.11.
[21] See DDE#154, pgs. 15-17.
[22] See DDE# 154, pgs. 42-44.
[23] See DDE#177, pgs. 18.
[24] See presentence report, pg. 20.

11

numerical consequence. Therefore, this argument is without merit and in no way affected the outcome of Costello's sentence. Since he has not demonstrated "cause," "prejudice," or "actual innocence," his petition on this ground should be denied .

GROUND NINE:

This ground contains a list of alleged court errors, none of which would be an appropriate subject for a 2255 petition. Instead, had his appellate counsel deemed them meritorious, they could have been raised on direct appeal. The issues raised by Costello include the following: (a) The court erred in instructing the jury on consciousness of guilt; (b) The court erred in denying the defendant's suppression motion for suggestive identification procedures; (c) The photo array identification procedures were unduly suggestive; (d) The court erred in refusing to let the petitioner remove counsel before trial; and (e) The court erred in denying counsel the opportunity to argue objections to the jury selection process.[25]

Regardless of the improper forum for raising these issues, all of the alleged errors raised by petitioner were given appropriate and necessary attention. They were resolved by the district court. Many were briefed before or during trial and decided with ample legal support by the trial Judge.  For example, the jury instruction for consciousness of guilt was discussed by the parties during a charging conference. The court found the charge appropriate based on the flight of the defendant to Texas and his presentation of a false identity to the police officer at the time of his arrest.[26] The issue of identification procedures was briefed in pretrial motions and decided by the district court.[27] The issue of the jury selection process was raised pro se by Costello[28] and

---

[25] See DDE#177, pgs. 19.
[26] See DDE#97, pg. 28.
[27] See DDE#61.
[28] See DDE#82.

12

denied by the Court.[29] The defendant's request to remove his counsel before the trial began was thoroughly considered by the court. After conducting a colloquy with the defendant and his counsel about alleged "issues" that Costello was having with his attorney, the court concluded that he was "satisfied that defense counsel and the defendant [were] prepared to proceed to trial and that they ha[d] a good working relationship."[30] The court also found that Costello's attorney was "well-prepared and experienced and thorough and ha[d] been communicating with his client on a regular basis." The court found Costello had some questions about how the trial was going to proceed, but that the defendant was "an articulate person" who was "able to communicate with his attorney and with the Court," and that it did not sound to the court like there's "any breakdown in communication or any of the problems that we sometimes see in some of these cases."[31] Costello was given new counsel at sentencing and another attorney for his appeal. His appellate counsel did not raise on appeal any of the issues in ground nine of his 2255 petition, clearly because the trial court's holdings were sound. Since the issues raised by petitioner in ground nine were not raised on direct appeal and there was nothing ineffective in his counsel's decision not to raise them on appeal, Costello's petition should be denied.

GROUND TEN:

Petitioner claims that his counsel was ineffective in failing to call an expert on cross-racial identification.[32] Since the identification of Costello as one of the robbers of the bank was on video surveillance, the lack of an expert on cross-racial identification would not have been determinative. The video surveillance provided the jurors with the ability to compare the

---

[29] See DDE#73, #74, and #85.
[30] See DDE#94, pgs. 10-18.
[31] See DDE#94, pg. 17.
[32] See DDE#177, pg. 20.

13

defendant on trial with one of the individuals in the surveillance tape. This is within the normal lay expectations of jurors as fact finders. Also, two bank employees provided testimony identifying the defendant as the robber of the bank in this case.[33] Clearly, there was overwhelming evidence presented at trial as to the identification of Costello as the perpetrator. Furthermore, ineffectiveness of counsel requires more than just not having done everything possible or requested by a defendant. Clearly in this case, counsel's decision not to call a cross-racial identification expert does not demonstrate, first, that Costello's counsel's performance was constitutionally deficient and, secondly, that there is a reasonable probability that, but for the cross-racial identification expert, the results of the trial would have been different.[34] Consequently, this ground of the petition is without merit and should be denied.

COUNT ELEVEN:

Petitioner argues that the lay opinions as to the authenticity of firearms by three bank tellers' testimony is insufficient to support a 924(c) charge.[35] Costello's knowledge of the law on this issue is wrong. There is nothing impermissible about the introduction of lay testimony for this purpose. The authenticity of the firearm used in the bank robbery was a jury question. The jurors could give the testimony any weight that they thought was credible. In fact, the Third Circuit recently held that a jury could rely on a witness' statement that he believed he saw a gun and that the testimony of a person with firearms expertise was not required to support a firearms conviction.[36] Regardless, had there been a meritorious objection to this testimony, which the government denies there was, the issue would have to have been raised on direct appeal. It was

---

[33] See DDE#96, pgs. 38, 131.
[34] *Strickland*, 466 U.S. at 689, 694.
[35] See DDE#177, pg. 20.
[36] *See United States v. Trant*, 924 F.3d 83, 93 (3d Cir. 2019).

14

not. Costello is now barred procedurally from raising it unless he makes the requisite showing discussed above. Having failed to show "cause," "prejudice," or "actual innocence," his petition on this ground is meritless and should be denied.

COUNT TWELVE:

Petitioner cites "*Johnson*[37]" and contends that the "residual clause" in 18 U.S.C. § 924 is unconstitutional.[38] In doing so, Costello has confused the armed career criminal statute (18 U.S.C. § 924(e)) with 18 U.S.C. § 924(c), possession of a firearm during and in relation to a crime of violence. Petitioner was convicted of and sentenced for a violation of the latter, that is 924(c). Consequently, Johnson and the residual clause have no bearing on his case. Regardless, the constitutionality of a statute is an issue for a direct appeal. Petitioner has chosen the wrong vehicle for challenging the statute, albeit, one that is inapplicable to his case. In light of the foregoing, there is no merit to petitioner's contention on this ground and his motion should be denied.

## V. **SUMMATION**

Based on the foregoing, it is clear that petitioner's arguments are meritless. In no way has Costello demonstrated first, that his counsel's performance was constitutionally deficient and, secondly, that there is a reasonable probability that, but for his allegations of ineffectiveness, the result of the proceeding would have been different. Furthermore, many of Costello's claims were issues that were raised on direct appeal or should have been. He is procedurally barred from raising the issues in his 2255 petition having failed to show cause and prejudice or actual innocence. In light of the foregoing, the petition should be denied.

---

[37] *Johnson v. United States*, 135 S.Ct.2551 (2015).
[38] See DDE#177, pg. 21.

15

## V. A Certificate of Appealability Should Not Issue.

Upon the denial of a Section 2255 motion by the district court, an appeal to the Court of Appeals by the petitioner is not permitted unless he obtains a certificate of appealability. 28 U.S.C. § 2253. The law permits the issuance of a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The application for such a certificate should first be made to the District Court.

Local Rule 22.2 provides as follows:

> At the time a final order denying a petition under 28 U.S.C. § 2255 is issued, the district judge shall make a determination as to whether a certificate of appealability should issue. If the district judge issues a certificate, the judge shall state the specific issue or issues that satisfy the criteria of 28 U.S.C. § 2253. If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report.

The Third Circuit has further instructed that "as a matter of practice . . . an unsuccessful movant in a § 2255 case should in the first instance seek a certificate of appealability from the district court." United States v. Williams, 158 F.3d 736, 742 n.4 (3d Cir. 1998).

Accordingly, in the interests of judicial economy, the government requests that in addition to denying the instant petition this Court also find that the defendant has failed to make a substantial showing of a denial of any constitutional right.

In order to present a "substantial showing of a denial of any constitutional right," in order to justify an appeal, the mere allegation of a constitutional wrong, such as deprivation of the right to effective counsel, is insufficient; the petitioner must make a substantial showing of such an error in order to present an appeal. Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996).

To establish the required showing, "[t]he petitioner must demonstrate that reasonable

16

jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For the reasons stated above, the defendant has not made the required showing, and therefore a certificate of appealability should be denied. The absence of merit of the defendant's constitutional claims is plain, and not debatable, and should be denied without an evidentiary hearing.

## VI.     CONCLUSION

For the foregoing reasons, the government respectfully requests that the petitioner's *Motion Pursuant to 28 U.S.C. § 2255 To Vacate. Set Aside, Or Correct Sentence By Person In Federal Custody* be denied, that the court find an evidentiary hearing is not necessary, and that a Certificate of Appealability not issue.

Respectfully submitted,

WILLIAM M. MCSWAIN
United States Attorney


s/Roberta Benjamin
ROBERTA BENJAMIN
Assistant United States Attorney

CERTIFICATE OF SERVICE

I certify that a copy of the Government's Response to Petitioner Johnson's 2255 Petitioner and Proposed Order was served by mail, on the following:

        KYLE COSTELLO
        USP Coleman II
        71376-066 P.O. Box 1034
        Coleman, Florida 33521


        s/Roberta Benjamin
        ROBERTA BENJAMIN
        Assistant United States Attorney


Date: June 14, 2019