UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

KYLE COSTELLO,                            :
      Petitioner,                        :
                              :
           v.                               :     No. 5:14-cr-00107
                              :     No. 5:19-cv-00895
UNITED STATES OF AMERICA,                 :
      Respondent.                       :

_____

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                     **December 18, 2020**
**United States District Judge**

## I.    INTRODUCTION

Petitioner Kyle Costello was convicted of conspiracy to commit armed bank robbery, armed bank robbery, and using or carrying a firearm during and in relation to a crime of violence. He was sentenced to a total imprisonment term of 204 months, after which he appealed his conviction. The Third Circuit affirmed his conviction. Following his direct appeal, Costello filed the present Motion to Vacate/Set Aside/Correct Sentence under 28 U.S.C. § 2255. In addition, Costello filed a Motion for Equitable Tolling of 28 U.S.C. § 2255 Habeas Corpus Petition.

Costello's motion for equitable tolling is granted. For the reasons set forth below, Costello's motion to vacate, set aside, or correct his sentence is denied in part and dismissed in part, and a certificate of appealability shall not issue.

## II.   BACKGROUND

On November 7, 2013, two men robbed a National Penn Bank branch near Shillington, Pennsylvania. *See United States v. Costello*, 720 F. App'x 120, 121 (3d Cir. 2018). Costello's

parole agent saw an image from the bank's surveillance video on a local news website, and the agent recognized Costello as one of the robbers in the video.  *See id.*  Costello was arrested in Texas on December 20, 2013, and later extradited back to Pennsylvania pursuant to a parole violation warrant.  *See id.*

On March 6, 2014, a federal grand jury indicted Costello for the robbery, charging conspiracy to commit bank robbery, 18 U.S.C. § 371, armed bank robbery and aiding and abetting, 18 U.S.C. §§ 2, 2113(d), and carrying or using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii).  *See id.* at 122.

Costello went to trial, where he was convicted by a jury on all three counts.  *See id.* Thereafter, following a multi-day sentencing hearing, Costello was sentenced to a total term of 204 months' imprisonment.  *See* Judgment as to Kyle Costello 2, ECF No. 145.  Costello appealed his conviction to the Third Circuit, asserting (1) a violation of his right to a speedy trial and (2) an improper inclusion of his previous aggravated assault conviction as a prior "crime of violence" for purposes of Career Offender status under USSG § 4B1.2(a).  *See Costello*, 720 F. App'x at 122.  The Third Circuit affirmed his conviction, finding neither a violation of Costello's speedy trial rights nor an improper inclusion of his aggravated assault conviction.  *See id.* at 124. Following his direct appeal, Costello filed the present motion under 28 U.S.C. § 2255.  *See* Mot., ECF No. 177.  Following a series of responses and replies, the matter is ready for disposition. *See* ECF Nos. 179, 186, and 201.

## III.   LEGAL STANDARDS

### A.  Equitable Tolling of 18 U.S.C. § 2255 Motion

Title 25 U.S.C § 2255(f) provides that motions filed under § 2255 carry with them a "1-year period of limitation . . . ."  *See* 25 U.S.C. 2255(f).  This period begins to run when the

defendant's conviction becomes final.  *See United States v. Bass*, 268 F. App'x 196, 199 (3d Cir.

2008).  Relevant to this matter, the limitations period runs from "the date on which the judgment

became final by the conclusion of direct review or the expiration of the time for seeking such

review."  *See* 28 U.S.C. § 2244(d)(1)(A).

"A litigant seeking equitable tolling bears the burden of establishing two elements: (1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way."  *See Bass*, 246 F. App'x at 199 (citing *Pace v. DiGuglielmo*, 544 U.S. 408,

418 (2005)).  The Third Circuit cautions that "[e]quitable tolling is a remedy which should be

invoked 'only sparingly.'"  *See id.* (citing *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir.

1998)).

### B.  Review of 18 U.S.C. § 2255 Motion

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal

defendants can challenge their convictions or sentences that are allegedly in violation of the

Constitution or laws of the United States or are otherwise subject to collateral attack.  *See Davis*

*v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d

Cir. 2002).  Section 2255 "states four grounds upon which such relief may be claimed: (1) 'that

the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that

the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess

of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral

attack.'"  *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255(a)).  "A

district court must 'accept the truth of the movant's factual allegations unless they are clearly

frivolous on the basis of the existing record.'"  *Johnson v. United States*, 294 F. App'x 709, 710

(3d Cir. 2008) (quoting *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005) (citations

omitted)).  But, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court."  *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

A movant "procedurally default[s] all claims that he neglected to raise on direct appeal." *Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).  To overcome the procedural default, the movant must "prove either that he is actually innocent of the crime for which he was convicted, or that there is a valid cause for the default, as well as prejudice resulting from the default."  *Id.*  "[T]he cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim. . . ."  *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotations omitted).  "Ineffective assistance of counsel that rises to the level of a Sixth Amendment violation constitutes cause for a procedural default."  *Hodge*, 554 F.3d at 379 (citing *McCleskey v. Zant*, 499 U.S. 467, 494 (1991); *Wise v. Fulcomer*, 958 F.2d 30, 34 n.9 (3d Cir. 1992)).

### C.  Ineffective Assistance of Counsel

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  There is a strong presumption that counsel is effective, and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions.  *See Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002).  The mere existence of alternative, even more preferable or more effective, strategies does not satisfy the first element of the *Strickland* test. *See id.* at 86.  To establish prejudice under the second element, the petitioner must show that

there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) (quoting *Strickland*, 466 U.S. at 694).  "Judicial scrutiny of counsel's performance must be highly deferential."  *Strickland*, 466 U.S. at 689 (explaining that courts should not second-guess counsel's assistance and engage in "hindsight, to reconstruct the circumstances of counsel's challenged conduct").  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."  *Id.* at 697.  The court must consider the totality of the evidence, and the burden is on the petitioner.  *See id.* at 687, 695.

### D. *Brady* Violation

In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  373 U.S. 83, 87 (1963).  The evidence must not only be favorable, but also material, meaning "the defendant did not receive a fair trial because of its absence."  *See Hollman v. Wilson*, 158 F.3d 177, 180 (3d Cir. 1998).  Further, "[i]t is well established that impeachment evidence can constitute exculpatory evidence under *Brady* and its progeny."  *Id.*

## IV.   EQUITABLE TOLLING

Costello contends that this Court should equitably toll the period for filing of his § 2255 motion.  Costello's sentence was entered on the docket on November 1, 2016.  *See* Judgment as to Kyle Costello.  Costello timely appealed his conviction.  *See Costello*, 720 F. App'x 120.  The Third Circuit affirmed on January 12, 2018.  *See id.*   Thereafter, Costello filed a petition for writ of certiorari to the United State Supreme Court, which was denied on February 20, 2018.  *See Costello v. United States*, 138 S. Ct. 1039 (2018) (denying certiorari).

Pursuant to 28 U.S.C. § 2244(d)(1)(A), Costello's judgment became final on February 20, 2018 when his petition for writ of certiorari was denied. Under the one-year limitations period, Costello was required to file any § 2255 motion by February 20, 2019. Costello filed his first motion § 2255 on March 1, 2019. *See* Motion to Vacate/Set Aside/Correct Sentence, ECF No. 165.

Costello asks this Court to equitably toll the statute of limitations, excusing his delay of nine days. *See* Tolling Mot. 2, ECF No. 175 ("Toll. __"). Costello states that he was released from the custody of the Pennsylvania Department of Corrections on August 28, 2018, and he was to be placed into the custody of the Bureau of Prisons to serve his sentence for the armed bank robbery. *See id.* at 1. Thereafter, he was held in contract facilities through from September 2018 through October 2018. *See id.* Costello was eventually placed in USP Tucson in late October 2018. Costello states the he was "stripped of all legal documents and transcripts" during his time in the contract facilities. *See id.* Throughout this period, Costello asserts that he "diligently pursued relief." *See id.*

The docket in Costello's matter confirms much of what Costello asserts in his motion. Having received numerous motions from Costello following the denial of certiorari, the Clerk of Courts attempted to mail Costello the § 2255 form on September 14, 2018. *See* ECF No. 162. This first effort to send Costello the § 2255 forms was returned to sender on October 11, 2018. *See id.* Thereafter, on February 27, 2019, the Court received a letter from Costello providing his latest address at USP Coleman II. *See* ECF No. 163. That same day, the § 2255 forms were sent to Costello at his latest address. *See* ECF No. 164. By March 1, 2019, Costello had filed his first § 2255 motion with this Court. *See* ECF No. 165. On March 7, 2019, Costello submitted a second motion using the form provided by the Clerk of Courts. *See* ECF No. 166.

The relevant inquiry is whether Costello has shown (1) diligence in pursuing relief and (2) an extraordinary circumstance that stood in his way. *See Bass*, 246 F. App'x at 199 (citing *Pace*, 544 U.S. at 418). Here, Costello has satisfied both of these elements. Foremost, the docket entries show Costello attempted to pursue his rights despite his numerous transfers between August 2018 and February 2019. Up and until his transfer in August, Costello filed a number of motions in an apparent effort to prepare for a § 2255 motion. *See* ECF Nos. 157, 158, 159, 160. Costello stopped filing those motions around the time of his transfer in August 2018, and the lack of motions during that period is consistent with Costello's lack of access to his legal documents. Within mere days of receiving the § 2255 forms, Costello filed his first § 2255 motion. Therefore, the Court finds that Costello was diligent in pursuing relief.

As to the second element, Costello shows that an extraordinary circumstance stood in his way of pursuing that relief. During his transfer from state custody to federal custody, Costello lacked access to his legal materials for a period of over two months. *See Valverde v. Stinson*, 224 F.3d 129, 133-35 (2d. Cir. 2000) (finding tolling warranted where petitioner was deprived of access to legal papers near the end of limitations period). Troublingly, this lack of access came towards the end of his limitation period for filing his § 2255 claim. *See Robinson v. Johnson*, 313 F.3d 128, 143 (3d Cir. 2002) (explaining deprivation of papers near end of limitations period is of greater concern than deprivation at start of period). Costello, acting in reasonable diligence, could not have filed his petition on time in light of these extraordinary circumstances. *See Valverde*, 224 F.3d at 134 (citing *Irwin v. Dep't of Veteran Affair*s, 498 U.S. 89, 96 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999)). When you couple these circumstances with Costello's diligence, Costello satisfies the burden for equitable tolling.

Therefore, the Court tolls the limitations period for nine days and reviews Costello's § 2255 motion on the merits.

## V.    DISCUSSION

In his motion, Costello alleges numerous grounds for relief.  Both Costello's motion and the Government's response assign different numerals to each ground.  For clarity of reference, the Court adopts its own form of numbering the grounds, grouping similar claims together and reviewing the resulting eleven grounds.  In summary, all but two of the grounds reviewed below are not cognizable claims or are procedurally defaulted, and Costello fails to show actual innocence or cause and prejudice for excusing the default.  Accordingly, those grounds are dismissed.  The two remaining grounds were considered by the Third Circuit on Costello's direct appeal.  This Court finds no rationale for relitigating those matters decided by the Third Circuit, and those remaining two grounds are accordingly denied.

### A.  Ground 1: Evidentiary Arguments

In the first ground of his motion, Costello lodges five evidentiary claims.  *See* Mot. 4, 13.[1]  As none of these evidentiary claims were raised on direct appeal, the claims are procedurally defaulted unless Costello can show (1) cause and prejudice or (2) actual innocence.[2] Each claim in Ground 1 is addressed below.  In summary, Costello has not shown cause to

---

[1]     The first few pages of Petitioner's motion come from a form with numbered pages. However, the supplemental pages towards the end of the motion are without numbering.  For clarity of reference, the Court uses the ECF-supplied pagination, with the first page numbered one, the second numbered two, and so forth.

[2]     Although Costello maintains that he was not the man who robbed the bank, his motion provides no facts that would support a finding of actual innocence.  To establish actual innocence, a defendant must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).  Costello does not make this showing in his motion. Therefore, the Court only reviews Costello's attempt to show cause and prejudice and does not find any procedural default excused under the actual innocence component.

excuse the procedural default on any claim in Ground 1.  Therefore, Ground 1 remains procedurally defaulted, and it is accordingly dismissed.

> **1.**      ***Brady* Claim**

First, Costello argues that the prosecution withheld the fact that Costello was located in Texas through an alleged illegal tracking of his cell phone number.  *See* Mot. 4, 13.  Costello did not raise this claim on appeal, and therefore it is procedurally defaulted absent cause and prejudice to excuse the default.  Costello claims that cause for excusing the default is that he did not know of the evidence at the time of appeal or, alternatively, appellate counsel was ineffective in failing to raise the claim on appeal.

As to his first assertion of cause, the record shows that Costello knew of the alleged illegal tracking at the time of his appeal.  The transcript of counsels' arguments at trial from August 12, 2015 shows that Costello's trial counsel raised the issue of the alleged illegal cell phone tracking, and counsel's request to suppress any evidence resulting from Costello's arrest in Texas was denied following oral argument.  *See* Counsels' Arguments Transcript, Trial, 8/12/15, at 14:19–16:4 ("Arg. 8/12/15 N.T. __"), ECF No. 97.  From this discussion, it is clear that Costello was knowledgeable about the cell phone tracking at the time of trial.  *See id.*  It follows that if Costello knew of the cell phone tracking at trial, he knew about it at the time of appeal.  Thus, Costello fails to show cause for excusing the default under this argument.

Costello next claims that appellate counsel was ineffective for failing to raise this argument on appeal.  In order to determine whether appellate counsel was ineffective for failing to raise this claim, we must determine whether there was a valid *Brady* claim to be raised.  A *Brady* violation requires "suppression" of exculpatory evidence by the prosecution.  *See Brady*, 373 U.S. at 87.  Here, the record makes clear that the government did not suppress this

information.  Indeed, as discussed immediately above, Costello's trial counsel raised the alleged illegal tracking during an oral argument before the first day of trial.  Arg. 8/12/15 N.T. 14:19–16:4.  Because the evidence was not absent from the proceedings, Costello has not shown that the government suppressed the evidence, and a *Brady* violation does not lie.  Therefore, appellate counsel is not ineffective for failing to raise a *Brady* claim on appeal.

Because (1) Costello knew of the alleged tracking evidence at the time of appeal and (2) appellate counsel was not ineffective for opting against a *Brady* claim on appeal, this claim remains procedurally defaulted.

### 2.  Illegal Search and Seizure Claim

Second, Costello claims that in the process of searching his vehicle following his arrest, the government destroyed evidence in the form of "a [sic] Antique/Toy firearm."  *See* Mot. 13. Costello again claims that the procedural default should be excused because he did not know of the evidence at the time of appeal or, in the alternative, his appellate counsel was ineffective in failing to raise the argument on appeal.

Costello's first argument for establishing cause fails because he knew of the evidence at the time of appeal.  During a suppression discussion regarding the vehicle search, the prosecution stated on the record that "there were no items seized from the vehicle."  *See* Arg. 8/12/15 N.T. 9:3-4.  Furthermore, both Costello's trial counsel and the Government asked the arresting officer whether any firearms were recovered from the vehicle search, and in both instances, the arresting officer, under oath, answered no.  *See* Testimony Transcript, Trial, 8/12/15, at 141:1-3, 142:20-23 ("Trial 8/12/15 N.T. __"), ECF No. 98. Costello knew of that testimony at the time of appeal, and thus, he fails to show cause under this argument for excusing the default.

Costello's second argument as to cause, that his appellate counsel was ineffective, fails for similar reasons. Costello essentially argues that his appellate counsel should have raised a *Brady* violation with respect to this evidence. As mentioned above, a *Brady* claim requires suppression of evidence by the government. *See Brady*, 373 U.S. at 87. The record shows that the search evidence, or lack thereof, was known and discussed at trial by trial counsel. *See* Trial 8/12/15 N.T. 141:1-3, 142:20-23. Absent suppression, there is no underlying *Brady* violation and, therefore, appellate counsel was not ineffective in opting against a *Brady* claim as to this evidence on appeal. The claim is therefore procedurally defaulted.

### 3.    Prejudicial Photographs Claim

Third, Costello claims that "photos taken by the Cameron County Police", which were shown to the jury, were prejudicial. *See id.* The Court construes Costello's claim as one of trial court error in admitting the photographs and allowing the jury to consider them.[3]

Costello's claim of trial court error is not a cognizable claim in a § 2255 motion as it does not address a deprivation of constitutional rights. *See United States v. Mitan*, No. 08-760-1, 2014 U.S. Dist. LEXIS 113073, at *6-7 (E.D. Pa. Aug. 7, 2014) (denying the 2255 petition because, *inter alia*, the defendant's arguments about the trial court error did not raise depravation of constitutional rights and are not cognizable in a § 2255 motion). Therefore, this claim is dismissed.

---

[3]    Even if the Court construes this claim as one of ineffectiveness of trial counsel, it still fails. The Court reads Costello's motion to refer to those photographs taken of Costello's vehicle following his arrest. *See* Mot. 13 (referring only to "photos taken by the Cameron County Police"). Trial counsel objected to admission of these photographs before the resumption of trial on August 12, 2015. *See* Arg. 8/12/15 N.T. 8:3-10. Therefore, because trial counsel objected to the admission of the photographs, Costello has not, nor can he, show counsel's ineffectiveness in this regard.

### 4.      Unduly Suggestive Identification Claim

Fourth, Costello claims that the prosecution engaged in misconduct by showing photographs of Costello to two bank teller witnesses prior to the trial.  *See* Mot. 13.  Costello again claims that the procedural default should be excused because he did not know of the evidence at the time of appeal or, in the alternative, his appellate counsel was ineffective in failing to raise the argument.

Costello's first argument fails because he knew of the evidence at the time of appeal. The issue of these photographs was raised by Costello's trial counsel in an oral motion to exclude on August 11, 2015.  *See* Testimony Transcript, Trial, 8/11/15, at 3:10–6:16 ("Trial 8/11/15 N.T. __"), ECF No. 95.  Costello's trial counsel took issue with the fact that he only received a copy of the photographs earlier that same morning.  *See id.* at 3:15-20.  The government stated they had only received them the day prior.  *See id.* at 8:15-23.  To allay any concern involving receipt of these photos during the trial, the court permitted Costello's counsel to cross-examine the tellers about the circumstances of the identification without the jury present in the courtroom.  *See id.* at 9:8-15.

Second, Costello's argument that his appellate counsel was ineffective also fails. Costello essentially claims that appellate counsel should have claimed the identification was unduly suggestive.  Notwithstanding, such a claim would have been frivolous in light of the facts on the record.

During trial, Costello's trial counsel took issue with how the prosecution approached preparing its identification witness for trial.  *See id.* at 3:20–4:4.  Specifically, trial counsel took issue with the prosecution asking the witness "that's Kyle Costello, isn't it?" when showing the witness a photograph of Costello.  *See id.* at 46:19.  The court allowed Costello's counsel to

examine the witness about the circumstances of the identification without the jury in the courtroom. *See id.* at 9:8-15. Following that examination, trial counsel again objected to the identification on the grounds that it was unduly suggestive. *See id.* at 43:22–44:3. Based on the objection, the court decided to exclude the evidence of the photograph, prohibiting the prosecution from using it as part of their identification testimony with the teller witness. *See id.* at 46:22-24. Therefore, because trial counsel pursued this issue, appellate counsel was not ineffective for opting against raising this claim on appeal.

### 5.     Ineffective Assistance of Counsel Claim

Fifth, Costello claims that the prosecution elicited perjured testimony through Texas Police Officer Nicholas Torell. *See Mot.* 13. Costello claims that Torell lied about receiving email tips about Costello's whereabouts. Costello also alleges in a separate ground that his trial counsel was ineffective for failing to file a suppression motion as to (1) Officer Torell's testimony and (2) "the Photos." *See Mot.* at 14. Costello claims that the procedural default on this claim should be excused because he did not know of the evidence at the time of appeal or, in the alternative, his appellate counsel was ineffective in failing to raise these arguments on appeal.

Costello's first argument fails because he was aware of the testimony at the time of appeal. Torell's testimony was well known to the Defense, and they were given the opportunity to cross-examine his testimony. *See* Arg. 8/12/15 N.T. 140:21–142:16. Torell testified as to the email tip he received about Costello's whereabouts. *See id.* at 128:16–129:6. Furthermore, the court admitted the email itself into evidence. *See id.* at 130:14-23. Costello does not explain how or why this testimony is perjured. Importantly, he fails to point to any events occuring after the time of appeal that call into question the validity of Torell's testimony as to the email tip.

Therefore, Costello's argument that he was unaware of the allegedly perjured testimony at the time of appeal fails.

Costello's argument that his appellate counsel was ineffective also fails.  Trial counsel did not commit an error such that appellate counsel should have brought an ineffectiveness claim on appeal.  Trial counsel lodged oral objections against the admission of photographs taken of Costello's vehicle by Torell.  *See* Arg. 8/12/15 N.T. 8:3-10.  Additionally, neither Costello's motion nor the record provides any grounds upon which Officer Torell's testimony could have been suppressed.  Thus, because there is no basis for asserting that trial counsel was ineffective, appellate counsel was not ineffective in opting against raising an ineffectiveness claim on appeal. Therefore, Costello fails to show cause, and this claim is procedurally defaulted.

Because all of the claims in Ground 1 are procedurally defaulted, Ground 1 is dismissed.[4]

## B.  Grounds 2 & 3: Testimony of and Identification by Brian Hoffman

Costello asserts that the trial court erred in allowing Parole Agent Brian Hoffman to provide lay-opinion testimony concerning a tattoo on Costello's hand.  *See* Mot. 5-7. Additionally, Costello claims that Hoffman's identification of Costello was unduly suggestive. *See* Mot. 7-8.  Both Grounds are discussed in turn.

### 1.    Ground 2: Trial Court Error in Allowing Testimony

Costello claims in Ground 2 that the trial court erred by allowing Hoffman to offer lay opinion testimony.  Costello's claim of trial court error related to Hoffman's testimony is not a

---

[4]    Costello claims that each of these evidentiary items constitutes newly-discovered evidence that excuses the procedural default.  Nonetheless, the discussion above belies that claim.  None of the five evidentiary items constitute newly-discovered evidence because they were all known to Costello at the time of appeal.

cognizable claim in a § 2255 motion because it does not raise a deprivation of a constitutional right. *See Mitan*, 2014 U.S. Dist. LEXIS 113073, at *6-7. Therefore, Ground 2 is dismissed.[5]

## 2.      Ground 3: Unduly Suggestive Identification

Costello's claim as to the suggestiveness of Hoffman's identification was not raised on direct appeal, it is procedurally defaulted unless Costello can show (1) cause and prejudice or (2) actual innocence. Costello claims ineffectiveness of his appellate counsel is the requisite cause. This Court therefore considers whether appellate counsel's failure to raise this issue was ineffective. *Strickland*, 466 U.S. at 697.

There is nothing in the record to suggest that Hoffman's identification was unduly suggestive. Costello appears to claim that Hoffman did not have adequate time to observe Costello and become familiar with this appearance. *See* Mot. 5-6. However, Hoffman testified that he observed Costello on seven separate occasions as his parole officer. *See* Trial 8/12/15 N.T. 146:4-5. Further, Hoffman testified that he found the bank surveillance photograph on his

---

[5]      Even if the Court construes Costello's claim as one of ineffective assistance of trial counsel, the claim still fails. Under the Federal Rules of Evidence 701, lay opinion testimony is admissible if it is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and "(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701.

As Costello's parole agent, Hoffman had the opportunity to observe Costello and familiarize himself with Costello's tattoos prior to trial. Therefore, he had the requisite personal knowledge to identify Costello from the tattoos in the photo from the bank surveillance. Additionally, Hoffman's testimony was helpful to the jury in determining a fact in issue, namely, whether Costello was the individual pictured in the photograph. *See United States v. Fulton*, 837 F.3d 281, 298 (3d Cir. 2016) (noting lay identification witness familiar with the defendant "can perceive similarities and differences that jurors might not notice"). Having seen him before, Hoffman is able to connect the individual in the bank surveillance photograph to Costello, whereas a member of the jury may not be readily capable of doing so. Moreover, observing an individual's likeness and tattoos does not require scientific, technical or otherwise specialized knowledge. Therefore, Costello's trial counsel was not ineffective in option against objecting to Hoffman's lay opinion testimony.

own while browsing a news website, and that he recognized the man in the photo as Costello. *See id.* at 148:12–149:25. There are no facts in the record to indicate that anyone suggested to Hoffman who was in the bank surveillance photograph, especially given that Hoffman found the photograph on his own. In the absence of such facts, appellate counsel cannot be ineffective for forgoing a claim of an unduly suggestive identification with respect to Hoffman.

Lastly, Costello asserts that "Defense Counsel was denied the right to question [Hoffman] about his involvement in the arrest and investigation . . . ." Mot. 6. However, this assertion is directly contradicted by the record. Indeed, among other subjects, Costello's trial counsel cross-examined Hoffman about (1) when he became involved in the case, *see* Trial 8/12/15 N.T. 155:25–156:3, 156:9-15; (2) the frequency of Hoffman's interactions with Costello, *see id.* at 156:23–157:1; and (3) the process behind Hoffman's identification of Costello to authorities, *see id.* at 157:13-17.

Under any of these arguments, Costello has failed to show cause for excusing the procedural default on Ground 3. Accordingly, Ground 3 is dismissed.

## C.  Ground 4: Testimony of Michael Wertz

Costello asserts that the trial court erred in allowing Parole Agent Michael Wertz to testify. *See* Mot. 8-9. Similar to Grounds 2 and 3, Costello claims that Wertz's testimony regarding Costello was unnecessary, prejudicial, and more consistent with expert testimony. *See id.* at 8. Like Ground 2, this claim of trial court error is not a cognizable claim in a § 2255 motion as it does not raise a deprivation of constitutional rights. *See Mitan*, 2014 U.S. Dist.

LEXIS 113073, at *6-7.  Ground 4 sounds entirely in trial court error, and accordingly, it is dismissed.[6]

### D.  Grounds 5 & 6: Grounds Raised on Direct Appeal

Costello next raises two grounds that were the subject of his direct appeal.  In Ground 5, he asserts that he endured a violation of his speedy trial rights.  *See* Mot. 14.  In Ground 6, he argues that his prior conviction for aggravated assault was improperly classified as a "crime of violence"[7] for purposes of the Career Offender enhancement.  *See id.* at 16.  Both of these issues were addressed and decided by the Third Circuit on direct appeal.  *See Costello*, 720 F. App'x 120.  There, the court found that the Speedy Trial Act was not violated and that the conviction for aggravated assault constituted a crime of violence under the career offender sentencing provision of the sentencing guidelines.  *See id.* at 121.

While there is no issue of procedural default with claims raised on direct appeal, the Third Circuit cautions against relitigation of claims decided on direct appeal through a collateral proceeding.  *See United States v. Orejuela*, 639 F.2d 1055, 1057 (3d Cir. 1981).  Generally, a district court should avoid relitigating a claim raised on direct appeal type unless any of the following criteria are met:

---

[6]   Additionally, Costello's trial counsel objected to the testimony of Wertz prior to the resumption of trial on August 13, 2015.  *See* Counsels' Arguments Transcript, Trial,  8/13/15, at 3:11–9:1 ("Arg. 8/13/15 N.T. __"), ECF No. 99.  Therefore, any claim of ineffectiveness of trial counsel would be without merit.

[7]   Costello appears to also argue, at least in part, that his guilty plea to his 2005 aggravated assault charge was "unintelligently obtained."  *See* Mot. 16-17.  Indeed, Costello's sentencing counsel raised the issue and the trial court addressed it, stating it would not retroactively review the validity of his plea.  *See* Sentencing Transcript 10/19/16 15:10-20 ("Sent. 10/19/16 N.T. __").  As this argument was not part of his direct appeal, this ground is procedurally defaulted absent cause and prejudice or actual innocence.  Costello fails to show that appellate counsel was ineffective for not renewing the claim on appeal.  Therefore, insofar as Costello's argument is the validity of his plea, Ground 6 is procedurally defaulted, and it is accordingly dismissed.

(1) there is newly discovered evidence that could not reasonably have been presented at the original trial;
(2) there is a change in applicable law;
(3) counsel provided ineffective assistance; or
(4) other circumstances indicate that the accused did not receive full and fair consideration of his federal constitutional and statutory claims

*Huggins v. United States*, 69 F. Supp. 3d 430, 456-57 (D. Del. 2014) (citing *United States v. Palumbo*, 608 F.2d 529, 533 (3d Cir. 1979)).

### 1.   *Palumbo* Factors 1 and 2

As to the first *Palumbo* factor, there are no allegations in the motion that newly discovered evidence supports a different outcome on either of Grounds 5 or 6.  Even if this Court assumes, *arguendo*, that the evidence reviewed under Ground 1 qualifies as newly discovered evidence, none of the evidentiary objects move the needle in Costello's favor on either of Grounds 5 or 6.  Therefore, relitigation is improper under the first *Palumbo* factor.

Turning to the second factor, there are no allegations that a change in the law warrants reconsideration of the speedy trial claim.  To the extent that Costello's motion is construed as challenging the inclusion of the aggravated assault conviction under *United States v. Johnson* and its progeny, the challenge also fails under this second factor.  135 S. Ct. 2551 (2015). *Johnson* was decided prior to Costello's sentencing on October 27, 2016, and thus, it cannot constitute a change in the law applicable at the time of sentencing.  Nonetheless, in light of the practice of liberally construing pro se petitions, this Court reviews Costello's potential *Johnson* argument in more detail in Section V.G.ii, *infra*.

### 2.   *Palumbo* Factor 3

Turning to the third *Palumbo* factor, Costello summarily claims that "[a]ny failures to object or conceding/abandonment [sic] was the result of ineffective assistance of sentencing

counsel." *See* Mot. 16.  This Court reviews the possibility of ineffectiveness of counsel as to

both Grounds 5 and 6.

As to Ground 5, Costello's appellate challenge to his speedy trial clock rested exclusively

on the argument that he was indicted more than 30 days after his extradition to Pennsylvania on

the parole violation warrant.  *See Costello*, 720 F. App'x at 123.  Trial counsel cannot be deemed

ineffective for the timing of indictment, a decision over which defense counsel has little to no

control.  Therefore, as to Costello's speedy trial argument raised on appeal, there is no

ineffectiveness of counsel.

Costello does raise one novel ineffectiveness argument with respect to his speedy trial

ground that was not raised or addressed on direct appeal.  Unrelated to the timing of his

indictment, Costello now argues that his trial counsel's requests for continuances were made in

disregard of his right to a speedy trial.[8]  *See* Mot. 14.  As *Strickland* cautions, the strategic

decisions of counsel are owed great deference.  *Strickland*, 466 U.S. at 689.  Contrary to

Costello's assertion that each continuance filed by his counsel was duplicative of the first, *see*

Mot. 14, each request for continuance stated valid grounds upon which extra time was sought.

*See, e.g.*, ECF Nos. 22, 30, 38, and 54.  Among others, the grounds for continuance included (1)

awaiting discovery from the government and seeking time to review it once it arrives, *see* ECF

No. 22; (2) exploring non-trial disposition, *see* ECF No. 30; (3) filing pre-trial motions, *see* ECF

No. 38; and (4) considering an offer made by the Government to dispose of the case prior to trial,

---

[8]      Although Costello states in his motion that sentencing counsel was ineffective on this
claim, he likely meant to assert ineffectiveness as to *trial* counsel with respect to the
continuances.  Prior to sentencing, Costello's trial counsel, CJA counsel David Walker, was
removed as counsel.  *See* ECF No. 131.  On April 25, 2016, Hope Lefeber was retained by
Costello's family and entered her appearance on behalf of Costello, representing him through
sentencing.  *See* ECF No. 130.

*see* ECF No. 54.  Each represents a valid reason for seeking a continuance, and there is no

allegation or indication that counsel sought these continuances for the purpose of thwarting

Costello's right to a speedy trial or for any other improper purpose.  *See Gonzalez v. United*

*States*, 553 U.S. 242, 249-50 (2008) (holding that defense counsel, exercising professional

judgment, has a better understanding of the procedural choices than the client and may waive the

speedy trial rights of his client).  "The Speedy Trial Act expressly allows a continuance 'at the

request of defendant or his counsel,' 18 U.S.C. § 3161(h)(7)(A); thus, a continuance that is not

approved by a defendant is not grounds for a violation."  *United States v. Gorham-Bey*, No. CR

7-442, 2012 U.S. Dist. LEXIS 108201, at *8 (W.D. Pa. Aug. 2, 2012) (quoting *United States v.*

*Mayfield*, 361 Fed. Appx. 425, 428 (3d Cir. 2010)).  Accordingly, there is no ineffectiveness of

counsel with respect to Ground 5.

As to Ground 6, the transcripts of both sentencing hearings make clear that Costello's

sentencing counsel argued strongly that the aggravated assault conviction did not qualify as a

crime of violence.  *See* Sent. 10/19/16 N.T. 12:22–15:8, 22:10–23:16, 37:1-10; Sentencing

Transcript 10/27/16 4:7–5:19 ("Sent. 10/27/16 N.T. __"), ECF No. 154.  Sentencing counsel's

vigorous advocacy was far from objectively unreasonable.

Thus, with respect to the third *Palumbo* factor, Costello has not shown that either his

trial or sentencing counsel was ineffective as it relates to Grounds 5 and 6.

### 3.    *Palumbo* **Factor 4**

On the fourth and final factor, there are no facts to indicate Costello did not receive full

and fair consideration of his claims.  The trial court considered fully Costello's arguments related

to the aggravated assault conviction and the speedy trial concerns.  In addition, the Third Circuit

carefully considered and issued a thorough opinion regarding the alleged violation of the Speedy Trial Act and inclusion of the aggravated assault conviction.

Therefore, because Costello has not shown cause for this Court to relitigate the claims already decided on direct appeal and his novel argument fails to meet the requirements of *Strickland*, this Court declines to substitute its judgment for that of the Third Circuit. Accordingly, Grounds 5 and 6 are denied.

### E.  Ground 7: Insanity Defense

Next, Costello claims that his trial counsel was ineffective for failing to investigate and assert an insanity defense.  *See* Mot. 15.  Costello claims that his prior diagnoses of Schizophrenia and Post-Traumatic Stress Disorder (PTSD) qualify as defenses to armed bank robbery.  *See id.*  As this claim was not raised on direct appeal, it is procedurally defaulted unless Costello can show (1) cause and prejudice or (2) actual innocence.  Costello alleges the ineffectiveness of appellate counsel in failing to raise trial counsel's ineffectiveness satisfies the requisite cause.  *See id.*  Notwithstanding, trial counsel did not err in opting against the insanity defense.  Therefore, appellate counsel is similarly not ineffective for opting against a claim of trial counsel error on appeal.

In determining whether appellate counsel was ineffective, the Court must consider whether *trial* counsel erred in opting to forego the insanity defense.  *Strickland*, 466 U.S. 694, 697.  In federal proceedings, the insanity defense is governed by 18 U.S.C. § 17.  The applicable portion states:

> (a) Affirmative defense.--It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.  Mental disease or defect does not otherwise constitute a defense.

(b) Burden of proof.--The defendant has the burden of proving the defense of insanity by clear and convincing evidence.

*Id.* § 17(a)-(b).

In preparation for his sentencing, Costello was evaluated by clinical and forensic psychologist Dr. Catherine M. Barber.  *See* Barber Rep., Def. Sent. Memo. at Ex. A, ECF No. 134.  Dr. Barber's report begins by detailing Costello's psychological evaluation history, much of which took place while incarcerated.  *See id.* at 2-11.  In December 2014, Costello was diagnosed by a prison facility psychiatrist with "Unspecified Schizophrenia." *See id.* at 8.  However, during a subsequent evaluation on February 28, 2015, a different psychologist noted that, despite the prior diagnosis for Schizophrenia, his "symptom presentation appears to be better accounted for by PTSD."  *See id*. at 10.  In her summary, Dr. Barber stated that Costello fit the diagnosis for PTSD and Antisocial Personality Disorder.  *See id.* at 11-12.  Her summary did not address whether Costello met the diagnosis for Schizophrenia.

Additionally, Costello's trial counsel was aware of his PTSD-like symptoms.  *See id.* at 11.  In preparation for trial, trial counsel had Costello evaluated for competency.[9]  *See id.* Although the evaluating physician did not make a formal diagnosis, he alerted counsel that

---

[9]        In adjudicating claims of insanity, courts favor those evaluations that are most contemporaneous with the crime itself.  *See Askari*, 222 F. App'x at 121 (report prepared eight years after the crime was owed lesser weight than opinion more contemporaneous with the crime).  Although Costello's competency was evaluated prior to trial, he was not evaluated for the purpose of an insanity defense prior to trial.  *See id.* at 120 ("A different, and, in some respects, less stringent standard exists for demonstrating legal competence.").  As such, the reports of his mental health most contemporaneous to the crime are those prepared when he was incarcerated following the offense.  While the Court does not have the reports prepared in 2014–2015 during his incarceration, those reports were reviewed by Dr. Barber in the preparation of her report.  Therefore, although Dr. Barber's report comes nearly three years after the commission of the crime, it is the most comprehensive review of Costello's mental health available to the Court.

Costello had "symptoms suggestive of [PTSD]." *See id.* Despite having this information, trial counsel made the strategic decision not to present an insanity defense.

Trial counsel's decision to not pursue the insanity defense did not fall below an objective standard of reasonableness. As stated above, the strategic decisions of trial counsel are owed great deference under the *Strickland* standard. *Strickland*, 466 U.S. at 689. Counsel's decision to decline to present an insanity defense was reasonable when viewed in light of the apparent defense strategy for trial. On summation, trial counsel presented a perspective of the case that centered exclusively on mistaken identification. *See* Arg. 8/13/15 N.T. 37:11–50:20. Trial counsel maintained that Eric Coates was the actual perpetrator of the robbery, and counsel sought to show reasonable doubt as to the identifications of Costello by the trial witnesses. *See id.* Presenting an insanity defense would have been wholly inconsistent with the overarching defense theory of the case, namely that Costello was not the man in the surveillance photo robbing the bank.

Therefore, in light of the prevailing defense strategy, Costello's trial counsel did not err in foregoing an insanity defense. For these reasons, appellate counsel was not ineffective in foregoing a claim of trial counsel error on appeal. Because there is no appellate counsel ineffectiveness, Ground 7 is procedurally defaulted, and it is accordingly dismissed.

## F.  Ground 8: Offense Level Adjustment

Next, Costello claims that he improperly received two criminal history score points during sentencing, arguing they were wrongfully added pursuant to the "Outstanding Parole Warrant" adjustment, USSG § 4A1.1(d). *See* Mot. 18. Costello argues that there was no outstanding warrant during the commission of the crime; rather, he asserts that the charge of bank robbery itself triggered the parole violation. *See id.* As this claim was not raised on direct

appeal, it is procedurally defaulted unless Costello can show (1) cause and prejudice or (2) actual innocence.  Costello claims ineffectiveness of his appellate counsel is the requisite cause.

Costello's claim in Ground 8 is procedurally defaulted because he fails to show that appellate counsel was ineffective.  *Strickland*, 466 U.S. at 697.  Even assuming, *arguendo*, that the points were added improperly on the basis of a non-existent parole warrant, the result was harmless.  Costello's prior criminal convictions resulted in his qualification for the career offender status, giving him an automatic criminal history category of VI.  *See* Resp. 11, ECF No. 179; *see also* USSG § 4B1.1(b).  Category VI is the highest possible criminal history category under the guidelines, and any additional criminal history points would have had no effect on Costello's criminal history category.  *See* USSG § 5A (Sentencing Table).  Therefore, because the two points were of no consequence to his criminal history category, Costello cannot show that he was prejudiced as a result of his counsel's decision not to raise the issue on appeal.  Thus, Ground 8 is procedurally defaulted, and it is accordingly dismissed.

### G.  Grounds 9 & 10: *Davis* Challenge and *Johnson* Challenge

In Ground 9, Costello challenges his § 924(c) conviction in light of the Supreme Court's decision in *Davis*.[10]  *See* Mot. 21.  Similarly, in Ground 10, Costello lodges a *Johnson*[11] challenge against the inclusion of his aggravated assault conviction as a "crime of violence" under USSG § 4B1.2(a), which contributed to his classification as a Career Offender under USSG § 4B1.1(b).  *See id.* at 16-17.  The *Davis* challenge in Ground 9 was not raised on direct appeal and is therefore procedurally defaulted unless Costello can show (1) cause and prejudice or (2) actual innocence.  The *Johnson* challenge in Ground 10 was raised on direct appeal, and

---

[10]     *United States v. Davis*, 139 S. Ct. 2319 (2019).
[11]     *Johnson v. United States*, 576 U.S. 591, 594 (2015).

this Court declines to relitigate a matter decided on direct appeal on collateral attack unless an exception applies.  As to Ground 9, Costello fails to show cause and prejudice excusing the procedural default, as *Davis* has no effect on his conviction under § 924(c).  As to Ground 10, Costello fails to provide reason for this Court to relitigate the Third Circuit's decision on direct appeal.  Accordingly, Ground 9 is dismissed and Ground 10 is denied.

### 1.    Ground 9: *Davis* Challenge to § 924(c) Conviction

Costello raises a *Davis* challenge to his Section 924(c) conviction.  Prior to *Davis*, a crime could qualify as a "crime of violence"  under 18 U.S.C. § 924(c)(3) if the crime was a felony and either:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Subsection A is known as the "elements clause," while Subsection B is known as the "residual clause."  *See Davis*, 139 S. Ct. at 2324.  In *Davis*, the Supreme Court held that the residual clause of § 924(c) was unconstitutionally vague.  *See id.* at 2323.  Therefore, to be convicted under § 924(c), the applicable crime must fall under the elements clause.  *See id.*

Costello asserts that his conviction under § 924(c) was based on his crime fitting the now-unconstitutional residual clause.  However, Third Circuit case law belies this position.  In *United States v. Johnson*, the Third Circuit squarely determined that a conviction under 18 U.S.C. § 2113(d), the subsection under which Costello was convicted, fits the *elements* clause of § 924(c).  899 F.3d 191, 203-04 (3d Cir. 2018).  Although the *Johnson* decision predates *Davis*, its determination that Section 2113(d) qualifies as a crime of violence under the elements clause

is not upset by the holding in *Davis* regarding the residual clause. *See Davis*, 139 S. Ct. at 2236 (holding, specifically, that § 924(c)(3)(B), the residual clause alone, is unconstitutionally vague).

Here, Costello was convicted of armed bank robbery in violation of Section 2113(d) under Count Two of the Indictment. *See* Indictment 4, ECF No. 1; Verdict Sheet 1, ECF No. 78. Therefore, he was convicted of a crime that qualifies as a crime of violence under the elements clause of § 924(c). *Johnson*, 889 F.3d at 203-04. Thus, Costello's *Davis* challenge to his § 924(c) conviction fails.

Costello next contends that the jury improperly predicated his § 924(c) conviction on the conspiracy charge in Count One of the Indictment and not the armed bank robbery charge in Count Two. *See* Traverse 1, ECF No. 201.[12] Thus, he argues, the § 924(c) conviction is impermissibly based on the residual clause. The Government in its supplemental response concedes that "conspiracy to commit a violent crime is not itself a crime of violence under the elements clause . . . ." *See* Supp. Resp. 2, ECF No. 186. This would mean that a § 924(c) conviction based on Costello's conspiracy charge is invalid under *Davis*.

Notwithstanding, the evidence on the record reflects that the jury did not impermissibly base its decision to convict Costello on the § 924(c) charge on the conspiracy charge alone. Where two theories of liability are presented to a jury and one of them is incorrect, the reviewing court must apply a harmless error analysis. *See Hedgpeth v. Pulido*, 555 U.S. 57 (2008). The court must ask whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." *See id.* at 58 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

---

[12]     Costello's Traverse is handwritten and without pagination. For clarity of reference, the Court uses the ECF-supplied pagination, with the first page numbered one, the second numbered two, and so forth.

Here, Costello has not shown that he was substantially harmed by the possibility of an incorrect jury instruction on the § 924(c) charge. While the Indictment premised the § 924(c) charge on "Counts One and Two," the error was harmless. *See* Indictment 5. Significantly, the jury convicted Costello on Count Two of the Indictment, which was the armed bank robbery charge. *See* Verdict Sheet 1. A conviction on Count Two alone is sufficient to support a conviction under § 924(c). Thus, because Costello was convicted by the jury on the armed bank robbery count and that count alone can sustain the § 924(c) conviction, he has not shown that he was substantially harmed by any potential error.

For the foregoing reasons, Costello's *Davis* challenge to his § 924(c) conviction lacks merit. As such, Costello was not prejudiced by appellate counsel's failure to raise the issue and Costello has not shown that appellate counsel was ineffective so as to establish cause to excuse the procedural default on this claim. Accordingly, Ground 9 is dismissed.

### 2.      Ground 10: *Johnson* Challenge to Career Offender Application

Costello next asserts that the Career Offender adjustment should not have been applied to him under the Sentencing Guidelines because the crime of aggravated assault is not a crime of violence following *Johnson*. *See* Mot. 17. This argument is an extension of that discussed in Section V.D., *supra*.

Like § 924(c), the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), has both an elements and residual clause. *See* 18 U.S.C. § 924(e)(2)(B). In part, § 924(e)(2)(B) states that a "violent felony" includes any crime punishable by more than a year imprisonment that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ." *See id.* § 924(e)(2)(B)(ii). The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury

to another" has come to be known as the residual clause of the ACCA.  *See Johnson*, 576 U.S. at 594.  In *Johnson*, the Supreme Court found the residual clause of the ACCA unconstitutionally vague.  *See id.* at 606.  Thus, any enhancement under the ACCA must be based on the elements clause, Section 924(e)(2)(B)(i), or the four enumerated offenses in Section 924(e)(2)(B)(ii); it cannot be based on the residual clause.  *See id.*

Costello's *Johnson* challenge to the inclusion of his aggravated assault conviction in determining his career offender status was squarely reviewed by the Third Circuit on direct appeal.  *See Costello*, 720 F. App'x at 123-24.  In deciding whether or not to include the aggravated assault conviction, the Third Circuit relied exclusively on the language in § 4B1.2(a)(1) of the United States Sentencing Guidelines.  *See id.*[13]  The language of § 4B1.2(a)(1) is identical to the elements clause of the ACCA that remains valid following *Johnson*.  *Compare* USSG § 4B1.2(a)(1), *with* 18 U.S.C. § 924(e)(2)(B)(i).  Moreover, there is no new evidence that would require reconsideration of the ground, no new law invalidating § 4B1.2(a), no ineffective assistance of counsel, and no other indicia that Costello was not provided full and fair consideration of his claim involving the inclusion of his aggravated assault conviction by the Third Circuit.  Therefore, this Court declines to relitigate the Third Circuit's treatment of the *Johnson* challenge.

For the foregoing reasons, Costello's *Johnson* challenge to the inclusion of the aggravated assault conviction under § 924(e)(2)(B) is denied.

---

[13]     This Court notes that the application notes to USSG § 4B1.2(a) state that a "crime of violence" includes "offenses of aiding and abetting, conspiring, and attempting to commit such offenses."  It is likely that, in light of *Johnson*, an enhancement based on a conspiracy or attempt charge would be impermissible.  However, this Court need not address that issue as Costello was not convicted of conspiracy to commit or attempted aggravated assault.  Rather, he was convicted squarely of aggravated assault.

### H.  Ground 11: Miscellaneous Arguments

Lastly, Costello asserts six miscellaneous claims of judicial error in his trial.  *See* Mot. 19-21; Traverse 2.  As none of these claims were raised on direct appeal, they are procedurally defaulted unless Costello can show (1) cause and prejudice or (2) actual innocence.  Costello claims ineffectiveness of his appellate counsel is the requisite cause.  Each claim is addressed in turn below.

### 1.      Consciousness of Guilt Instruction & Denial of Suppression Hearing

In his first claim under Ground 11, Costello alleges two instances of trial court error. Costello claims that the trial court erred by instructing the jury on "consciousness of guilt."  *See* Mot. 21.  Additionally, Costello claims that the trial court erred "in denying a suppression hearing for suggestive identification procedures."  *See id.*  Neither of these claims are cognizable in a § 2255 motion as they do not raise a deprivation of constitutional rights.  *See Mitan*, 2014 U.S. Dist. LEXIS 113073, at *6-7.  These claims sound entirely in trial court error, and accordingly, they are dismissed.[14]

### 2.      Suppression of Identification

Second, Costello claims that his trial counsel was ineffective insofar as he only made a superficial argument for suppression of what Costello calls "suggestive identification procedures."  Mot. 19.  On June 29, 2015, counsel filed a motion to suppress the identification.

---

[14]      Even if this Court construes Costello's claims as alleging ineffectiveness of trial counsel, the claims would still fail.  Trial counsel was not ineffective for opting against objecting to the consciousness of guilt instruction.  *See United States v. Oyakhire*, 413 F. App'x 126, 127-28 (3d Cir. 2011) ("[A] factfinder may infer consciousness of guilt form a defendant's attempt to conceal his true identity by using an alias."); *see also* Trial 8/12/15 N.T. 28:1-3, 14-19 (noting Costello fled to Texas and provided alias to authorities who arrested him).  Furthermore, Trial counsel did request a hearing for Costello's motion to suppress the identification.  *See* Mot. Suppress I.D., ECF No. 58.  Therefore, any claim of ineffective assistance of trial counsel on these matters lacks merit.

*See* Mot. Suppress I.D., ECF No. 58.  Within that motion, counsel cited the applicable legal

standard and included a number of facts related to the various identifications of Costello.  *See id.*

2-3.  Trial counsel applied the law to the facts of Costello's identification, including how long

the witnesses viewed Costello, the makeup of the photo array, and the timing of the photo array.

*See id.* at 3.  The motion is not superficial, despite Costello's contention, and it does not fall

below an objective standard of reasonableness.

Costello further argues that the photo array used by the prosecution was unduly

suggestive.  However, the court addressed the photo array used to identify Costello in an Order

dated July 23, 2015.  *See* Order 7/12/15, ECF No. 61.  The court, having reviewed the array,

found that under the totality of the circumstances, "the photo array does not suggest that Mr.

Costello was the robber."  *See id.*  Costello's photograph was placed alongside photographs of

males with "the same or similar skin tone, facial hair and face shape."  *See id.*

Under these facts, Costello has not met his burden of showing that the array was unduly

suggestive.  *United States v. Lawrence*, 349 F.3d 109, 115 (3d Cir. 2003) (noting burden rests

with defendant to show identification procedure was "impermissibly suggestive" (citing *Reese v.

Fulcomer*, 946 F.2d 247, 259 (3d Cir. 1991))).  Therefore, appellate counsel was not ineffective

in foregoing this claim on appeal.  Thus, the claim is procedurally defaulted.

### 3.    Cross-Racial Identification Practices

Third, Costello claims that his trial counsel was ineffective for not calling a witness to

testify as to cross-racial identification practices.  *See* Mot. 20.  Costello, a black male, notes that

he was identified exclusively by white individuals.  *See id.*  Notwithstanding, Costello does not

provide any indication of how an expert of this sort would have impacted the outcome of the

trial.  Without any allegation of how a cross-racial identification expert would have changed the

outcome, Costello has not shown that he was prejudiced by trial counsel's decision to not call this type of expert.  Therefore, this claim does not rise to the level of ineffective assistance of trial counsel.  Accordingly, appellate counsel was not ineffective for opting against raising an ineffectiveness claim on appeal, and this claim is procedurally defaulted.

### 4.      Request to Remove Trial Counsel

Fourth, Costello claims that the trial court erred in denying his request to remove trial counsel prior to trial.  *See id.* at 20.  Costello's appellate counsel was not ineffective in opting not to raise this claim because the claim lacks merit.  On August 10, 2015, the first day of trial, the court provided Costello an opportunity to discuss his concerns about trial counsel with the court. *See* Counsels' Arguments Transcript, Trial, 8/10/15, at 9:8–17:25 ("Trial 8/10/15 N.T. __"), ECF No. 94.  Costello expressed that he did not know the trial strategy, and Costello wanted assurances that defense counsel has shown him everything obtained through discovery.  *See id.* at 12.  During that hearing, Costello never unequivocally stated that he wished to have counsel removed and proceed pro se.  *See United States v. Griswold*, 525 F. App'x 111, 112 (3d Cir. 2013) (noting request to remove counsel and proceed pro se must be "clear and unequivocal, made knowingly and intelligently, by a defendant competent to stand trial" (citing *United States v. Bankoff*, 613 F.3d 358 (3d Cir. 2010)).  Because Costello failed to make a clear request to remove counsel and proceed pro se, any effort to raise this claim on appeal would have been futile.

Moreover, in response to an inquiry from the court, Costello stated that he and his counsel had built a relationship over the years.  *See* Trial 8/10/15 N.T. 16:17–17:6.  After obtaining counsel's assurance that he would review any outstanding documents with Costello, the court determined that there was not an irretrievable breakdown in the attorney-client

relationship.  *See id.* at 17:7-25.  Therefore, appellate counsel was not ineffective for opting not

to raise this claim on appeal, and this claim accordingly is procedurally defaulted.

     **5.**     **Objection to Jury Composition**

     Fifth, Costello claims that the trial court erred in denying trial counsel the opportunity to

argue objections to the jury selection process.  *See* Mot. 20.  Costello's trial counsel objected to

the jury composition, but his untimely objection resulted in dismissal by the court.  *See* Order

8/26/15, ECF No. 85.   Costello asserts that ineffectiveness of appellate counsel is the requisite

cause excusing the procedural default.  Notwithstanding, Costello fails to show counsel was

ineffective because the alleged error was not prejudicial.

     In order to assert a claim that his jury violated the "representative cross-section"

requirement, Costello must meet the *Duren* test.  Costello must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community;
> (2) that the representation of this group in venires from which juries are selected is
> not fair and reasonable in relation to the number of such persons in the community;
> and
> (3) that this underrepresentation is due to systematic exclusion of the group in the
> jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979).  The Third Circuit deems the first element satisfied

where the distinctive group is black individuals.  *Howell v. Superintendent Rockview SCI*, 939

F.3d 260, 266 (3d Cir. 2019) (citing *Ramseur v. Beyer*, 983 F.2d 1215, 1230 (3d Cir. 1992)).

Notwithstanding, Costello fails to so much as allege the other requisite elements.  Although

Costello submitted a pro se Motion to Strike the Panel, he only recited the law related to jury

composition challenges.  *See* ECF No. 82.  Costello did not provide then, and does not provide

now, any indication of the representative makeup of the venire or the representative numbers in

the community from which the pool was drawn.  In addition, Costello does not point to any

policy or practice that systematically acts to exclude the distinctive group.

In fact, even if Costello had presented the requisite statistics, the challenge would still fail. The Third Circuit in *United States v. Savage* determined that black individuals were not unfairly or unreasonably represented on the qualified jury wheel used to select jury pools in the Eastern District of Pennsylvania. 970 F.3d 217, 255-59 & n.33 (3d Cir. 2020) (considering the 2011 qualified jury wheel in the Eastern District of Pennsylvania). Therefore, even had trial counsel timely objected, the objection likely would have been denied. Thus, this claim lacks merit. Accordingly, appellate counsel was not ineffective for opting not to raise this claim, and it is procedurally defaulted.

### 6.     Jury Determination of "Brandishing of Firearm"

Sixth and finally, Costello raises a novel ground in his Traverse. *See* Traverse 2. He argues that there is an "*Alleyne* issue with jury never determining 'Brandishing of firearm.'" *Id.* Broadly, the Supreme Court in *Alleyne* held that any element of an offense, as opposed to a sentencing factor, must be decided by the jury. *See Alleyne v. United States*, 570 U.S. 99, 115-16 (2013). More specifically, it held that whether a defendant "brandished" a firearm was an element of the § 924(c) offense, and therefore, that question of fact must be submitted to and determined by the jury. *Id*.

Here, despite Costello's claim to the contrary, the jury did make a determination as to whether Costello brandished a firearm. The verdict form that the jury filled out and submitted contained the following interrogatory accompanying the § 924(c) count, "Do you unanimously agree, by proof beyond a reasonable doubt that the defendant brandished the firearm when committing this offense?" *See* Verdict Sheet 2. As to this interrogatory, the foreperson marked the line indicating "Yes" with an "X." *See id.* Therefore, the facts show that the issue was properly submitted to and decided by a jury as required under *Alleyne*. Accordingly, appellate

counsel was not ineffective for opting not to raise this claim, and it is therefore  procedurally

defaulted.

Because all of the claims under Ground 11 fail to show ineffective assistance of appellate

counsel or otherwise make out the requisite cause and prejudice that would excuse a procedural

default, they are procedurally defaulted.  Accordingly, all of the claims in Ground 11 are

dismissed.

## V.       CERTIFICATE OF APPEALABILITY

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit

justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a

substantial showing of the denial of a constitutional right.'"  *Tomlin v. Britton*, 448 F. App'x

224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)).  "Where a district court has rejected the

constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition

on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA

should issue when the prisoner shows, at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

For the reasons set forth above, Costello has not made any substantial showing of the

denial of a constitutional right, nor would jurists of reason find this Court's review of his claims

debatable or wrong.  Therefore, a Certificate of Appealability shall not issue.

## VI.    CONCLUSION

In light of Costello's diligence in pursuing relief and the extraordinary circumstances that temporarily prevented him from filing in a timely manner, Costello's Motion for Equitable Tolling of 28 U.S.C. § 2255 Habeas Corpus Petition is granted.

After careful consideration of all of Costello's arguments in support of his Motion to Vacate/Set Aside/Correct Sentence, and for the foregoing reasons, the motion is denied in part and dismissed in part.  All but two of Costello's claims are not cognizable claims or are procedurally defaulted, and Costello provides no cause and prejudice or actual innocence present to excuse the default.  Accordingly, those claims are dismissed.  Those two grounds that are not procedurally defaulted, namely the speedy trial claim and the claim related to his prior aggravated assault conviction, were reviewed in full on direct appeal.  This Court finds no rationale for relitigating those claims.  Accordingly, those grounds are denied.  Finally, for the foregoing reasons, a Certificate of Appealability shall not issue.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge