UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE COSTELLO,<br>　　　Petitioner,<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA,<br>　　　Respondent. | :<br>:<br>:<br>:　　No. 5:14-cr-00107<br>:<br>:<br>:<br>: |

**O P I N I O N**
Motion for Reconsideration under 60(b), ECF No. 227 – Dismissed

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　　**January 11, 2022**
**United States District Judge**

**I.　　INTRODUCTION**

　　Petitioner Kyle Costello was convicted of conspiracy to commit armed bank robbery, armed bank robbery, and using or carrying a firearm during and in relation to a crime of violence, for which he was sentenced to a total imprisonment term of 204 months. Following his direct appeal, Costello filed a Motion to Vacate/Set Aside/Correct Sentence under 28 U.S.C. § 2255. In an Opinion dated December 18, 2020, this Court dismissed and denied Costello's § 2255 motion. Costello appealed, and the Third Circuit denied his request for a certificate of appealability. *See* ECF No. 224.

　　Costello now moves for reconsideration of this Court's Order denying his § 2255 motion. For the reasons set forth below, Costello's motion for reconsideration is dismissed.

**II.　　BACKGROUND**

　　On November 7, 2013, two men robbed a National Penn Bank branch near Shillington, Pennsylvania. *See United States v. Costello*, 720 F. App'x 120, 121 (3d Cir. 2018). Costello's parole agent saw an image from the bank's surveillance video on a local news website, and the

agent recognized Costello as one of the robbers in the video. *See id.* Costello was arrested in Texas on December 20, 2013, and later extradited back to Pennsylvania pursuant to a parole violation warrant. *See id.*

On March 6, 2014, a federal grand jury indicted Costello for the robbery, charging conspiracy to commit bank robbery, 18 U.S.C. § 371, armed bank robbery and aiding and abetting, 18 U.S.C. §§ 2, 2113(d), and carrying or using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii). *See id.* at 122.

Costello went to trial, where he was convicted by a jury on all three counts. *See id.* Thereafter, following a multi-day sentencing hearing, Costello was sentenced to a total term of 204 months' imprisonment. *See* Judgment as to Kyle Costello 2, ECF No. 145. Costello appealed his conviction to the Third Circuit, asserting (1) a violation of his right to a speedy trial and (2) an improper inclusion of a previous aggravated assault conviction as a prior "crime of violence" for purposes of Career Offender status under USSG § 4B1.2(a). *See Costello*, 720 F. App'x at 122. The Third Circuit affirmed his conviction, finding neither a violation of Costello's speedy trial rights nor an improper inclusion of the aggravated assault conviction. *See id.* at 124. Following his direct appeal, Costello filed a motion under 28 U.S.C. § 2255. *See* Mot. § 2255, ECF No. 177. On December 18, 2020, this Court dismissed and denied Costello's § 2255 motion and declined to issue a certificate of appealability. *See* Op. 12/18/20, ECF No. 208; Order 12/18/20, ECF No. 209.

Thereafter, Costello petitioned the Third Circuit for the issuance of a certificate of appealability. *See* ECF No. 212. On August 18, 2021, the Third Circuit denied Costello's request for a certificate of appealability. *See* ECF No. 224. Following the Third Circuit's Order,

Costello filed the present Motion for Rehearing or Certificate of Appealability Pursuant to Rule 60(b)(6).  *See* Mot. 60(b), ECF No. 227.

## III. LEGAL STANDARDS

### A. Motion for Reconsideration – Review of Applicable Law

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."  *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment."  *Gonzalez*, 545 U.S. at 535.  The movant bears a heavy burden of proof that extraordinary circumstances are present.  *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991); *United States v. Rota*, No. 94-0003-1, 1999 U.S. Dist. LEXIS 562, *5 (E.D. Pa. 1999).

## IV. ANALYSIS

In the present motion, Costello seeks reconsideration of two matters, both relating to his status as a career offender.  First, Costello asserts that this Court erred in finding that his 2005 conviction for aggravated assault was appropriately applied towards his career offender status.

Second, Costello argues that this Court erred in finding his 2008 conviction for aggravated assault similarly applicable to his career offender status. For the reasons discussed below, Costello's motion for reconsideration is dismissed.

### A. Costello's 2005 Conviction for Aggravated Assault

Costello first argues that his 2005 conviction for aggravated assault was improperly applied towards his career offender status. Notwithstanding, this Court is without jurisdiction to address this matter. The Third Circuit has held that "when reviewing a Rule 60(b) motion brought following an appeal, district courts are 'without jurisdiction to alter the mandate of this court on the basis of matters included or includable in [the party's] prior appeal.'" *Bernheim v. Jacobs*, 144 F. App'x 218, 222 (3d Cir. 2005) (quoting *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336 (3d Cir. 1982)). In this case, the Third Circuit has twice considered the applicability of Costello's 2005 conviction for aggravated assault. First, the Third Circuit squarely decided the question of the conviction's applicability on direct appeal. *Costello*, 720 F. App'x at 123-24. Second, in denying Costello's request for a certificate of appealability, the issue of Costello's career offender status was before the Third Circuit. *See* USCA Docket No. 21-1380, ECF No. 8. Accordingly, because this matter was included in Costello's appeal, this Court is without jurisdiction to alter the Third Circuit's mandate. For that reason, Costello's motion for reconsideration of the inclusion of his 2005 conviction is dismissed.

### B. Costello's 2008 Conviction for Aggravated Assault

Costello next argues that his 2008 conviction for aggravated assault should not have been counted as a crime of violence applicable to his career offender status. Costello did not raise this matter on direct appeal. *See Costello*, 720 F. App'x at 124 n.5. However, Costello did raise the issue of his "career criminal enhancement" in his appeal of this Court's denial of his § 2255

motion. *See* USCA Docket No. 21-1380, ECF No. 8. Accordingly, the matter of Costello's career offender status was before the Third Circuit, and the Third Circuit denied Costello's request for a certificate of appealability. Accordingly, as with Costello's 2005 conviction, this Court is without jurisdiction to alter the Third Circuit's mandate on this matter. *Bernheim*, 144 F. App'x at 222 (quoting *Seese*, 679 F.2d at 336).

Even if this Court was with jurisdiction to review this issue, Costello's motion for reconsideration fails to offer any extraordinary circumstances to warrant reopening of the matter of his 2008 conviction. Rather, Costello simply argues that his aggravated assault conviction does not constitute a crime of violence. This argument was considered by the Court at the time of sentencing and rejected because it lacked merit. *See* Mot. 60(b) at 30 (Sent. N.T. 37:1-5, 10-12); *id.* at 34 (Sent N.T. 8:9-21). Costello's motion for reconsideration does not otherwise provide any extraordinary circumstances that would warrant a reopening of this matter, and it remains without merit. Accordingly, Costello's motion for reconsideration regarding his 2008 conviction is dismissed.

## VI.  CONCLUSION

Costello's motion for reconsideration regarding his 2005 conviction and 2008 convictions is dismissed for the reasons set forth above.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
