FROM: ████████
TO: ████████
SUBJECT: MOTION FOR RULE 60 RELIEF
DATE: 11/08/2023 02:43:53 PM

Docket No. 0312 5:14
CR00107-001

KYLE COSTELLO
    Petitioner

v.

UNITED STATES OF AMERICA
    Respondent

MOTION FOR RULE 60 (B) RELIEF

    COMES NOW, Kyle Costello, Pro-Se (Hereinafter, Costello) Is Hereby Requesting Relief Pursuant To Rule 60 (B) For The Following Reasons:

INTRODUCTION/PROCEDURAL HISTORY

    On March 6, 2014 a four count indictment was returned in the United States District Court of Pennsylvania charging Petitioner Kyle Costello with one count of Conspiracy to Commit Bank Robbery, in violation of 18 U.S.C. Subsection 371 (Count 1); One count of Armed Bank Robbery, in violation of 18 U.S.C. Subsection 2113 (d); Count 2...One Count of Carrying and Using a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. Subsection 924(c).

    On August 13, 2015 following a Jury Trial before the Honorable Judge Lawrence F. Stengel in the U.S. District Court for the Eastern District of Pennsylvania, Costello was found guilty on Counts 1,2, &3 of the Indictment.

    On October 19, and October 27, 2016 a sentencing hearing was held. the district court sentenced Costello to a term of imprisonment of 204 month to be followed by 5 years Supervised Release.

    The "Career Offender" enhancement was applied based on the two previous convictions, a 2004 conviction for Aggravated Assault out of Franklyn County Court of Common Pleas Chambersburg, PA, Docket No. CP-28-cr-309-2004, and a 2008 conviction for Kidnapping for Ransom Count:1...Count 2 Aggravated Assault, out of Lancaster County Court of Common Pleas, Lancaster PA, Docket No: CP36-cr-3328-2006.

    Costello filed a timely notice of appeal challenging his convictions and inapplicability of the "Career Offender" enhancement. On February 6, 2018 the Third Circuit Court of Appeals affirmed the judgment of the district court. The Court stated that 'Costello' remains a career offender due to Pennsylvania 2702 Aggravated Assault (a)(3) meeting the force clause. See Kyle Costello v. United States 720 (3rd. Cir. 2018)

    Moreover, Costello asked the court to reopen the issue based on the Third Circuit Court of Appeals decision in United States v. Jenkins, which changed the direction from the court's previous rulings, stating "Pennsylvania Aggravated Assault Subsection 2702 a(3) meets the force clause" to Pennsylvania's Aggravated Assault Subsection 2702 (a)(3) "DOES NOT" meet the "Force Clause" and can no longer meet the requirement for a career offender enhancement.

CIRCUIT PRECEDENCE

    Costello's request for relief is based on the Third Circuit Court of Appeals change in decisional law, specially United States v. Jenkins (3rd. Cir. 2023)

    In the instant case Costello was classified as a "Career Offender" based off the Court's ruling that the Pennsylvania's Aggravated Assault Section 2702 (a) (3) meets the "Force Clause" stated in United States v. Jenkins. The Court of Appeals reversed course ruling in part:

    "Section 2702 (a)(3) applies to one who attempts to cause or intentionally or knowingly causes bodily
    injury to any of the officers, agents, employees, or other persons enumerated in Subsection (c) in
    performance of duty." The court (concluded) that Section 2702 a(3) "DOES NOT" have as an element
    the use or attempted use of physical force because it can be violated by (1)...a failure to act like with-

The Pennsylvania Supreme Court's decision in United States v. Harris, 289 A 3rd. 1060 (PA. 2023) was the defining factor stating that Section 2702 a(3) can at least be violated by omission. See United States v. Jenkins (3rd. Cir. 2023).

Costello contends that he (DOES NOT) qualify for the sentence enhancement imposed by the sentencing court and request the court readdress his initial claim of the inapplicability of being labeled a "Career Offender".

The United State Court of Appeals for the Third Circuit has consistently articulated..."intervening changes in the law [Controlling] law rarely justify relief from the final judgments under Rule 60 (B). Cox, 757 F. 3rd. at 121 (citing Reform Party of Allegheny Cnty v. Allegheny Cnty. Dept of Elections, 174 F. 3rd. 305, 311 (3rd. Cir. 1999) (en banc) (emphasis in original); cf. Agostini Felton, 521 U.S. 203, 239, 117 S.Ct. 1997, 138 L.Ed. 2d 391 (1997) (intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6). The Court must employ a "flexible multifactor approach to Rule 60(b)(6) motions...built upon a past judgement change of law...that takes in the particulars of (the) movant's case." Id. at 122 citing Coltec Indus., Invc Hobgood, 280 F.3d. 262, 274 (3rd. Cir.. 2002).

First the court must determine whether the change of law relied upon by the (petitioner) is "material to the basis on which... (this) court initially denied habeas relief." Bracey, 986 F.3d. at 284 (citing Norris v. Brooks, 794 F. 3d 401, 404-05 (34d Cir. 2015). As stated earlier Costello raised error in the application of the Career Offender enhancement consistently. See Kyle Costello v. United States (3rd. Cir. 2018)...Here, if the change of law is material to the basis which this court must consider the higher court precenence set forth by the Third Circuit Court of Appeals in Cox v. Horn, 757 F.3d. 113, 122 (3rd. Cir. 2014 (THE COX FACTORS) to determine whether the change in law constitutes extraordinary circumstances warranting relief under Rule 60(b)(6). Pursuant to (Stare Decisis) the Cox Factors are:

(1). The effect of the change in decisional law on our prior ruling, which carries "particular weight where...that change concerns a constitutional rule or right for criminal defendants,

(2). The merits of the petitioners underlying claim for habeas relief,

(3). Principles of finality and comity.

(4). The petitioners diligence in pursuing review and

(5). The imperative of correcting a fundamentally unjust incarceration. White, 2022 WC 17993120, at 4. Each factor will now be addressed:

## THE MERITS OF THE PETITIONER'S UNDERLYING CLAIM FOR HABEAS RELIEF

The court need only consider the merits of the petition to the extent that the claims were raised upon the inapplicability of the career offender enhancement because Jenkins supra, is a material change of law with the respect to only those claims. as the record reflects Costello raised the issue on direct appeal and again in his section 2255 habeas corpus petition. Had Costello had the benefit of the law in U.S. v. Jenkins and U.S. v. Harris (supra) was/is applied to Costello in the instant case the career offender enhancement would not stand.

## PRINCIPLES OF FINALITY AND COMITY FACTORS

The court in Lammas explained: Federal courts must "pay ample respect to states criminal judgments" and should be particularly reluctant to disturb those judgements via Rule n60(b) relief. Cox, 757 F.3d. at 175. "In that vein, a district court reviewing a habeas petitioner's 60(b)(6) motion may consider whether the conviction and the initial federal habeas proceeding were only recently completed or ended years ago. consideration of repose and finality become stronger the longer the decision has been settled." (Id. citing Gonzales, 5435 U.S. at 536-37) Lamas, 2022 WL 4111865, at 11. the Court in Lamas held that this factor weighed against a finding of extraordinary circumstances under Rule 60(b)(6) because the defendant "Conviction and sentence became final nearly thirty years earlier...and his habeas corpus petition has been dismissed for four years before Dennis (supra) was decided." Id.

Here, Costello's conviction and sentence became final at No. 5:14 Cr 107, , No. 519-CV-00895 August 18, 2021. reconsideration was dismissed on January 11, 2022. Therefore one (1) year and four (4) months has passed since the decision in Jenkins (supra). Moreover, this factor weighs in favor of relief and the finding of 'extraordinary circumstances.

THE PETIONERS DILLIGENCE IN PURSUING REVIEW FACTORS

In the instant case the factors weigh in favor of finding extraordinary circumstances because Costello filed the pending Rule 60(b) motion raising Jenkins (supra on November 6, 2023, i.e., less than six (6) months after Jenkins (supra was decided.

THE IMPERATIVE OF CORRECTING A FUNDAMENTALLY UNJUST INCARCERATION

In the instant case this factor weighs in favor of Costello. as noted above the decisions in Jenkins directly involves Costello. I respectfully ask that this Honorable Court look closely at the case authority cited and via (Stare decisis) follow the higher courts decision in Cox (supra) and following the "COX FACTORS" make its determination. Moreover, it has been noted that the erroneously enhanced sentence under the Guidelines is analogous to a sentence based on materially false information which is accepted substantive Due Process claim. See Doe, 810 F.3d. at 156 (citing, Narvaez v. United States, 674 F.3d. 621 (2011). Costello now respectfully prays that this Honorable Court correct this of justice. If the court does not correct the sentence Costello will suffer prejudice by forever creating a legal presumption that (Narvaez) was treated differently from other offenders because he belonged in a special category reserved for the violent and incorrigible. No amount of evidence in mitigation or extenuation could erase the branding or its effects on his sentence. See Narvaez v. United States, 674 F.3d. 621 (7th. Cir. 2011).

CONCLUSION

THEREFORE KYLE COSTELLO request relief in the form of resentencing without the Career Offender Enhancement.

PRO-SE PRESENTATION
KYLE COSTELLO.

*[signature: Kyle Costello]*




Kyle Costello
71376060
United States Penitentiary Florence High
P.O. Box 7000
Florence, CO 81226

Clerk of Judge Leeson
United States District Court
Philadelphia, PA 19106-9865

RECEIVED
NOV 27 2023

RECEIVED
NOV 21 2023